**Billy Joe HILL, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13753.**

Court of Criminal Appeals of Oklahoma.
Oct. 27, 1965.

Don Anderson, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., State of Oklahoma, for defendant in error.

BUSSEY, Presiding Judge.

Billy Joe Hill was charged, tried and convicted for the offense of Robbery With Firearms, and from the judgment and sentence fixing his punishment at nine (9) years in the State Penitentiary a timely appeal has been perfected to this Court.

Billy Joe Hill hereinafter referred to as defendant was represented during all stages of the trial proceedings by one of the pub-

lic defenders of Oklahoma County who filed a motion for new trial, prepared an application for casemade at public expense and presented the same to the trial court which was granted. All steps and procedures necessary to the presentation of this matter to the Court on appeal were conscientiously followed in the manner prescribed by law.

From the record it appears that on the 9th day of March, 1965, at approximately 9:00 P.M., Mr. Lucas Nick Fikaris was in the process of closing his business establishment located at 16–A West Sheridan in Oklahoma City, Oklahoma when a young man entered his premises with a gun in his hand and demanded money. Mr. Fikaris pointed to a City National Bank of Oklahoma City bag which contained $50.00, $8.00 in change, $32.00 in ones and two $5.00 bills. The gunman seized the bag and fled the premises. On the trial Mr. Fikaris positively identified the defendant as the young man who robbed him. Mr. Fikaris notified the police and gave them a description of the robber. This description was broadcast by the police dispatcher to the cruising units in the area. A short time thereafter Officer Sam Pierce pulled into the driveway of a Standard service station and entered the office where he observed the defendant seated in the chair. The defendant matched the description broadcast by the dispatcher and Officers Pierce, Brokaw and Pollock placed the defendant under arrest on suspicion of robbery and searched him. They found $49.50 which consisted of two $5.00 bills, thirty-two $1.00 bills and the balance in change. They found a loaded 7.65 millimeter Belgium Browning semi-automatic pistol in the waistband of the defendant's trousers.

The State sought to introduce a statement by the defendant to the police after his arrest. The public defender objected to the introduction of the same and the court sustained the objection.

The defendant, a seventeen (17) year old negro youth, testified in his own behalf admitted having the money and gun

in his possession at the time of his arrest, but denied that he had robbed Mr. Fikaris. He testified that the money found in his possession had been saved from his salary as a shoe repairman and shine boy. Defendant admitted leading the officers to the place where the City National Bank of Oklahoma City money sack had been thrown, and stated that he had been in the vicinity where it was dropped by a man who jumped a fence at that location.

At the conclusion of the evidence the public defender demurred to the same and moved for a directed verdict, both of which were denied by the trial court, who then proceeded to instruct the jury. At the conclusion of the instructions and arguments of counsel the jury returned a verdict finding the defendant guilty as charged.

■■ We have carefully examined the record in the instant case and are of the opinion that the evidence, although conflicting, is amply to support the verdict of the jury. We have repeatedly held that where there is a conflict in the testimony it is the exclusive province of the jury to weigh the evidence and ferret out the truth and if there is competent evidence to support their findings this Court will not disturb the verdict on appeal. See Goodnight v. State, Okl.Cr., 366 P.2d 957.

■ An examination of the instructions given by the court discloses that they fairly and fully informed the jury of the law and were free of fundamental error.

■■ This leads us to a consideration of the defendant's contention that he was inadequately represented by the public defender. This allegation is not supported by the record, but to the contrary, it affirmatively appears that the public defender diligently represented the defendant in the finest tradition of the legal profession; that he was able to prevent the State from introducing the defendant's admission to the police exemplifies professional competency. From the facts and evidence in the

instant case it is difficult to conceive how any attorney could have been more diligent. The offense with which the defendant stood charged is a capital offense which carries the maximum punishment of life imprisonment or death. The judgment and sentence of nine (9) years imprisonment is considerably less than that normally imposed for such offense, and reflects credit upon the effectiveness of defendant's counsel. A public defender is required to represent an indigent person to the best of his professional ability, and protect his statutory and constitutional rights. When this is done, he has fulfilled his obligation to the legal profession and to the client.

For all of the reasons above set forth the judgment and sentence appealed from is affirmed.

NIX and BRETT, JJ., concur.