James Edward FRANKLIN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13686.

Court of Criminal Appeals of Oklahoma.

Dec. 22, 1965.

**14**

Don Anderson, Public Defender, Oklahoma County, and James Edward Franklin, pro se, for plaintiff in error.

Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in Error, James Edward Franklin, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County with the crime of Robbery with Firearms. He was tried by a jury, found guilty, and sentenced to 25 years in the penitentiary. From that judgment and sentence he appeals to this Court, alleging that his court-appointed attorney did not adequately represent him during the trial. He cites, in his self-prepared 'brief', the case of Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811, reh. den. 373 U.S. 905, 835 S.Ct. 1288, 10 L.Ed.2d 200, as the authority for seeking a reversal of his cause. This Court is of the opinion that this case is not directly in point.

We have very carefully reviewed the record in the instant case, and fail to find defendant's allegations substantiated. We think the case of Fambles v. State, 97 Ga. 625, 25 S.E. 365, quoted in the state's brief, covers this point, in the following language:

"* * * When an attorney is appointed by the court to defend a person accused of crime who is unable to employ counsel, it is his duty to do so, and it is to be presumed that he will discharge his full duty in the premises. It is also to be presumed that the court, in appointing counsel for this purpose, will appoint attorneys who have sufficient skill and learning to defend the accused properly. Instances in which counsel prove unfaithful to the duty thus imposed upon them, if they occur at all, are very exceptional. Attorneys are generally men of upright character. In order to be admitted to practice, they are required to satisfy the court that they are of good moral character, as well as that they have the requisite learning."

And, further,

"We think that before a court should grant a new trial upon the ground that counsel have failed to do their duty in

this respect, there should be strong and convincing proof to overcome the presumption to the contrary."

There is no difference when the court-appointed attorney is the public defender. This Court recently held in the case of Hill v. State, Okl.Cr., 407 P.2d 208, opinion handed down October 27, 1965, that:

"A public defender is required to represent an indigent person to the best of his professional ability, and protect his statutory and constitutional rights. When this is done, he has fulfilled his obligation to the legal profession and to the client."

This Court is well acquainted with the Public Defender of Oklahoma County; and know him to be a capable attorney who pursues his duties to the very best of his ability.

We, therefore, deem the contentions of the defendant to be without merit. The judgment and sentence of the trial court is hereby Affirmed.

BUSSEY, P. J., and BRETT, J., concur.