**Willie Earl FLOWERS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14407.**

Court of Criminal Appeals of Oklahoma.

July 16, 1969.

Jay D. Dalton, Public Defender, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

MEMORANDUM OPINION

BRETT, Presiding Judge.

Plaintiff in Error, Willie Earl Flowers, hereafter referred to as defendant, was tried and convicted in the District Court of Tulsa County for the crime of Robbery in the First Degree, After Former Conviction of a Felony, on May 17, 1967. The jury considered the case in a two-stage proceed-

ing and assessed his punishment at confinement in the State penitentiary for a period of from five to fifteen years. This constitutes the minimum sentence under the indeterminate sentence law.

Defendant was charged with three other men for robbing a Yellow Cab Company taxi driver. One of the men, sitting in the back seat of the Cab held a knife on the driver and made all the verbal demands, whereas at least two of the other men actually received the money. The driver testified that he passed his change to the man sitting in the front seat with him, who was the defendant.

Defendant offers three propositions in his brief. The first contention of error by the trial court in not recalling the taxi driver for further cross examination; the second relates to certain statements made by one of the men to the arresting officer, which he contends is prejudicial hearsay testimony; and the last proposition contends the verdict and punishment was the result of passion and prejudice of the jury, and that the punishment is excessive, and should be modified.

 The last proposition is premised on the fact that the jury deliberated for a period of some eighteen minutes in reaching the verdict of guilty to the charge of robbery; thereafter, when considering the punishment the jury assessed the minimum sentence under the indeterminate sentence law. We consider defendant's third proposition to be without merit. While this Court is authorized under the law to modify the trial court's sentence, such authority is not unlimited. This Court has frequently stated that such authority may be exercised only when it can be said that under the facts and circumstances of the case the sentence is so excessive as to shock the conscience of the Court. See: McCluskey v. State, Okl.Cr., 372 P.2d 623, and cases cited therein. In this case such sentence does not shock the conscience insofar as it is the minimum sentence possible under the law applied.

 In his first proposition, defendant relies on his own statement that he did not know that a robbery was to be committed when he entered the taxi-cab, coupled with the fact that he did not make any of the verbal demands of the driver. We see little merit in this contention; and notwithstanding the fact that defendant made an offer of proof, in an effort to show some inconsistency in the driver's testimony, the record before the Court is sufficient to sustain the trial court's action in not delaying the trial further to recall the witness. As we read the record, the witness' testimony, coupled with other circumstantial evidence, was sufficient to implicate the defendant in the act of robbery. And, whether or not the defendant knew the robbery was to be committed when he entered the cab is of little consequence, he participated in the act of robbery with his associates. This Court recited in Igo v. State, Okl.Cr., 267 P.2d 1082, concerning the recalling of a witness.

"The extent of cross examination with respect to an appropriate subject rests in the sound discretion of the trial court, and it is only in cases of clear abuse of such discretion, resulting in manifest prejudice to the accused, that this Court will cause a reversal of the case."

We are of the opinion that the trial court did not so abuse its discretion in the instant case.

 Concerning defendant's second proposition, we do not accept his contention that the statement made to the arresting officer—in the presence of the defendant —was inadmissible. In this case, defendant was one of the four men who committed the robbery and consequently the statement made to the arresting officer by his older brother, in defendant's presence, was admissible against defendant. See: Doser v. State, 88 Okl.Cr. 299, 203 P.2d 451, (1949).

We are therefore of the opinion that even though some of the State's case was based upon circumstantial evidence, that evidence coupled with the direct testimony

of the victim of the robbery was sufficient to warrant the jury to reach its verdict; and we are further of the opinion, that defendant received a fair trial in accordance with due process of law, and that the judgment and sentence herein should be affirmed.

Judgment and sentence affirmed.

BUSSEY and NIX, JJ., concur.