John C. HILL, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15006.

Court of Criminal Appeals of Oklahoma.

Nov. 18, 1970.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, John C. Hill, Jr., hereinafter referred to as defendant was charged, tried by a jury, and found guilty of Illegal Possession of Marihuana in the District Court of Oklahoma County, Case No. 34080. Judgment and sentenced was imposed on May 3, 1968, in accord with the jury verdict sentencing the defendant to seven years imprisonment and a $5000.00 fine; and from that judgment an appeal has been perfected by court-appointed counsel, the public defender.

Counsel for the defendant filed a brief questioning the sufficiency of the evidence and claiming excessive punishment. The defendant filed, on his own, a pro se supplemental brief setting forth other assignments of error.

From the evidence it appears that an Oklahoma City policeman, on the night of January 2, 1968, observed an automobile containing three men fail to stop at a stop sign and then began pursuing them. The officer testified that when he approached the automobile he turned on his red light and spot light on the car at which time it began to slow down, finally stopping next to the curb. He observed the driver hand something to the occupant of the rear seat, who at the time the car was stopping, dropped the object out of the window by the car. The defendant, who was driving the car, got out of the automobile and approached the officer whereupon defendant was informed that he had committed a traffic violation. The officer searched briefly along the curb to see what had been thrown out of the defendant's car, and found small match box containing a substance which he believed to be marihuana. The defendant's car was then searched resulting in the finding of a second match box containing similar substance and appearing to be marihuana. Other officers were then called to assist in taking the three defendants into custody. Substance taken from the car was identified at the trial by a chemist as being marihuana.

Carolyn McDaniels testified at the trial that she was in the company of the three defendants on the previous afternoon when the defendant said that they had marihuana.

The defendant testified in his own behalf that he had not been in the company of the co-defendants and Carolyn McDaniels on the day previous but rather had been at home with his mother-in-law. He testified that while en route home on the day of his arrest that he had picked up the two co-defendants who were hitch-hiking. He testified that at the time of the arrest and search the officer found nothing in his automobile, that he was not in possession and never used marihuana. The defendant further testified to two prior convictions, neither of which involved drugs or marihuana.

■ Regarding the contention that the arrest was illegal and the fruits of the search pursuant thereto inadmissible, we find no merit. In Renfro v. State, Okl.Cr., 372 P.2d 45, this Court held:

"Where a defendant is lawfully arrested, and his automobile searched, the search made incident to such lawful arrest is not an invitation of the defendant's constitutional rights."

This Court further held in Woods v. State, Okl.Cr., 316 P.2d 628:

"Where a misdemeanor is committed in the presence of an officer, he has right to arrest without a warrant, and after arrest, to search the defendant and his immediate surroundings."

■ The arrest and search in the instant case did not violate the mandate laid down by this Court in Fields v. State, Okl.Cr., 463 P.2d 1000, regarding a lawful search incident to arrest. We find that the arrest in the instant case was lawful and that the search pursuant thereto was justified under the circumstances and does not constitute an unreasonable search and seizure.

Likewise, we find no merit to the contention of the defendant that he was unconstitutionally denied his rights in that he was "deprived of a jury of his choice" since the defendant was a Negro and no Negroes served on the jury. In Bennett v. State, Okl.Cr., 448 P.2d 253, this Court said:

"This argument must fail, the state submits, because it lacks one central ingredient, that being proof or offer of same that a scheme of discrimination existed in Oklahoma County and in the trial court, whereby Negroes were systematically excluded from jury duty generally in the county and/or specifically from service on the jury that tried the defendant. The mere fact that no Negro served on his jury is insufficient, standing alone."

■ The United States Supreme Court, in Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1964), dealing with this issue has specifically held that a defendant in a criminal case is not constitutionally entitled to a proportionate number of his race on the jury and that the Federal Constitution does not require proportional representation of races and nationalities on juries.

There is no offer or suggestion of systematic exclusion of Negroes, and for that reason this contention must fail.

■ It is the further contention of the defendant that he was not personally in possession of the marihuana found at the arrest scene and therefore could not be convicted of same. However, the record shows that one witness testified that the defendant on the day before claimed that he had marihuana in his possession, that the officer observed the defendant pass an object to the occupant of the back seat of the automobile who then dropped it to the ground. This object proved to be marihuana. We find that the above evidence supports a verdict finding the defendant in possession in view of this Court's decision in Patterson v. State, Okl.Cr., 403 P.2d 515 (1965):

"In prosecution for Unlawful Possession of Marihuana, where parties jointly possess drugs, the fact that possession is not exclusive is not a bar to conviction."

Furthermore, we find that there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, then accordingly, this Court will not interfere with the verdict. Williams v. State, Okl.Cr., 373 P.2d 91 (1962).

■ Defendant, in his pro se brief, makes the contention that he had inadequate representation by legal counsel. The record does not support this argument. Defendant's trial counsel ably represented the defendant, cross-examining witnesses, and objecting to evidence. Trial counsel for the defendant also filed a motion to suppress the evidence and a motion to quash the jury panel, thus preserving two of the issues raised on appeal. In Franklin v. State, Okl.Cr., 409 P.2d 13 (1965) this Court held:

"Before a court should grant a new trial on the grounds that counsel had failed to adequately represent them, there should be strong and convincing proof to overcome the presumption to the contrary."

Trial counsel's services were of such character as to preserve the essential integrity of the proceeding. See, Smith v. State, Okl.Cr., 462 P.2d 328 (1969). Dissatisfaction of the accused with the results of the trial is no basis for a claim of inadequate representation by counsel. Hines v. Baker, D.C., 309 F.Supp. 1017.

■ The final proposition is that the punishment was excessive. Title 63, O.S. 1961, § 452, makes a conviction of illegal possession of marihuana punishable up to a maximum of seven years imprisonment and a $5,000.00 fine. The defendant herein received the maximum punishment allowed by statute. We are not persuaded that the facts and circumstances in this case justify the maximum sentence. The defendant in

the instant case was not charged or tried as habitual criminal under the statute allowing increased punishment for a subsequent felony conviction. 21 O.S.Supp.1970, § 51. The evidence disclosed two penny match-boxes containing marihuana. There is no evidence in the record that the defendant was a seller or had other quantities of marihuana for distribution purposes. The evidence only supports the conclusion that he was in possession of a small amount of marihuana for personal use.

It would appear that the jury, in giving the defendant the maximum sentence, was undoubtedly influenced by the defendant's prior convictions about which he testified when he took the stand in his own defense. Testimony regarding such prior convictions should be considered only for the purpose of questioning defendant's credibility as a witness. In view of defendant's prior conviction the jury could well conclude that he was not a credible witness and give no weight to his testimony. However, in assessing the punishment the jury should sentence a defendant for the crime committed. It is impossible to justify the maximum sentence under the facts of this case. In Riddle v. State, Okl.Cr., 374 P.2d 634, the defendant was a pusher found with a large quantity of marihuana making a sale. In that case the original sentence was five years and a $500 fine was modified to 18 months and a $500 fine.

This Court has held it will modify the sentence when it is apparent it was given under passion and prejudice. Johnson v. State, Okl.Cr., 453 P.2d 390 (1969), or where it shocks the conscience of the Court, Flowers v. State, Okl.Cr., 457 P.2d 833 (1969), or if the sentence is contrary to the administration of justice. Watson v. State, Okl.Cr., 329 P.2d 865 (1958), or where "justice requires that relief be given." Jones v. State, 84 Okl.Cr. 81, 179 P.2d 484 (1947).

We feel that justice would best be served in the instant case with the term of imprisonment modified to time served with the fine remaining intact.

The judgment and sentence as herein modified is affirmed.

BRETT, P. J., and BUSSEY, J., concur.