**Thomas WALKER, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–18145.**

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1973.

Floyd Henson, Shawnee, for appellant.

Larry Derryberry, Atty. Gen., Charles R. Lane, Asst. Dist. Atty., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Thomas Walker, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Pottawatomie County, Case No. CRM–72–796, for the offense of Unlawful Possession of Marijuana. He was sentenced to serve a term of one (1) year in the county jail. From said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Deputy Sheriff James Brooks testified that on September 11, 1972, he was serving papers in an area north of Dale, Oklahoma, when a white 1962 Chevrolet with four subjects in it passed his car at a high rate of speed. He followed the car, which pulled off the side of the road into a field. Upon approaching the car, he observed one subject out of the car walking toward a wooded area. Deputy Brooks asked the driver of the car for his driver's license and to step from the car. As the driver stepped out of the car, Deputy Brooks observed a "water pipe." He reached inside the car and picked up the pipe and smelled of the pipe and in his opinion, marijuana had been used in it. He then placed all four occupants under arrest.

Deputy Brooks further testified that he detected an odor of marijuana inside the car. He then observed a silver object sticking out under the front seat of the car. He then reached in and removed the object, finding the object to be another pipe which is in his opinion normally used for smoking marijuana.

Deputy Brooks then obtained a search warrant and the subsequent search revealed six ounces of marijuana in the glove compartment and a small plastic bottle containing marijuana found in an old shoe located behind the driver's seat on the floorboard.

Ronald Clodfelter, forensic chemist for the Oklahoma State Bureau of Investigation, testified that he examined State's Exhibits 1 through 6 and all contained marijuana.

Defendant took the stand in his own behalf after being advised not to by his attorney. The trial court, being very liberal with the defendant, allowed him to give a dissertation before the jury which constituted forty-two pages of the transcript concerning his life history. Briefly stated, the pertinent part of his testimony is as follows: that on September 11, 1972, he had processed both State's Exhibits 4 and

5, those being a plastic bag containing a green, leafy substance and a small foil package containing a dry, leafy substance; that both of these items were marijuana that he had himself grown and processed the marijuana into cubicles for his own smoking benefit and that he intended to share with other people and not market; that he had placed the marijuana in the aluminum package in the glove compartment in the car and that he had knowledge that they were there.

■ The defendant's first proposition of error asserts that none of the evidence of the State of Oklahoma was admissible because the initial arrest was unlawful. We do not agree. Deputy Brooks observed the vehicle in question pass him at a high rate of speed. He then proceeded after the vehicle, which subsequently stopped in a field. Deputy Brooks testified it was his intention to issue the driver a citation for careless driving. In the case of Lloyd v. State, Okl.Cr., 505 P.2d 1364, this Court, in quoting from the case of Hargus v. State, 58 Okl.Cr. 301, 54 P.2d 211 (1935), stated:

> "For the purpose of preserving the peace and to prevent crime, a peace officer or private citizen may make reasonable inquiry of persons coming under his observation or brought to his knowledge under circumstances which reasonably suggest that a crime has been or is about to be committed."

In the instant case it is our opinion that Deputy Brooks was in a place he had a legal right to be. Further, there is nothing in the record that indicates that the initial arrest was a sham.

After Deputy Brooks asked the driver to step from the vehicle, he observed in open view without making a search, two pipes "commonly used to smoke marijuana" which he removed from the vehicle. This Court has repeatedly held that evidence discovered in open view where the officer has a legal right to be is not a search and is therefore admissible. See Battles v. State, Okl.Cr., 459 P.2d 623 (1969). We therefore find no merit in defendant's first proposition.

■ The defendant's second proposition of error asserts that the elements of possession of marijuana were not present in the State's evidence. After a thorough review of the State's evidence, we agree with the defendant's contention that the State's evidence was not sufficient to prove that the defendant exercised dominion or control over the controlled drug. However, after reviewing the evidence presented by the defendant, we find that the defendant admitted that all marijuana contained in the glove box belonged to him and that the two pipes found in the automobile belonged to him. In the case of Smith v. State, Okl.Cr., 509 P.2d 1391, this Court held:

> "A defendant by offering evidence after a denial of a motion for acquittal waives that motion and thereafter the question of the sufficiency of the evidence to sustain a conviction is to be determined by an examination of the entire record."

Also, in *Smith*, supra, this Court cited with approval the case of United States v. Kenny, 3 Cir., 236 F.2d 128, where it is held:

> "By introducing evidence in his own behalf, defendant takes the risk of completing a case against himself."

And the case of State v. Nix, 7 Or.App. 383, 491 P.2d 635, which held:

> "Defendant elected not to stand on his motion and presented evidence in his defense. In such a case the denial of the motion may still be assigned as error but we must consider all of the evidence and affirm the trial court if the record as a whole contains sufficient evidence to support a verdict against the defendant."

It is therefore our opinion that the evidence taken as a whole is sufficient to

prove the defendant exercised dominion and control over the controlled dangerous drug.

It is therefore our opinion that the judgment and sentence appealed from, should be and the same is hereby, affirmed.

BLISS, P. J., and BRETT, J., concur.