**Robert H. STAPLES, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. M–74–439.**

Court of Criminal Appeals of Oklahoma.

Nov. 20, 1974.

Tom R. Cornish, Cornish & Cornish, Inc., McAlester, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Jeannette Haag, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

The appellant, Robert H. Staples, hereinafter referred to as defendant, was charged jointly with Darrell Bowling with the commission of the offense of Possession of Marijuana, in violation of 63 O.S., § 2–402, in Case No. M-73-610, in the District Court, Pittsburg County. Staples and Bowling were jointly tried and both men convicted. In accordance with the verdict of the jury each was sentenced to serve a term of one (1) year in the County jail. From that judgment and sentence, Staples has perfected this timely appeal.

At trial Officer Sam Giandrone of the McAlester Police Department testified that on the evening of September 7, 1973, he stopped a pickup truck because he had observed it weaving erratically within its lane of traffic. The officer identified Darrell Bowling as the driver of that truck and defendant Staples as the only passenger. After inspecting Bowling's driver's license, the officer asked him if something was wrong with the front end of his truck. Bowling replied that he had recently bought the truck and that the front end was out of line and needed work. The officer testified that he then inquired whether the men had been drinking and that defendant Staples answered that they had been drinking milk. With that, Staples reached to his left, picked up a brown paper grocery sack and handed it to Bowling who in turn held it out the window for the officer to inspect. Within the grocery bag the officer found a partially eaten fruit pie, an empty milk carton, and a plastic baggie containing marijuana. At that time the officer placed both men under arrest and summoned Detective Ronnie Hance to assist him.

Detective Hance testified that when he arrived at the scene, Officer Giandrone delivered the baggie of marijuana to him and that defendant Bowling gave him permission to search the pickup truck. That search disclosed a package of cigarette papers. Detective Hance also testified that

Darrell Bowling told him at the police station that he and the defendant had stopped at a bowling alley earlier in the evening and that while they were there some girls had gotten inside the pickup truck.

For the defense Darrell Bowling testified that he was the owner of the pickup truck and was driving it on the night in question. He stated that at approximately 7:00 or 8:00 p. m. he stopped in the parking lot of a bowling alley and left the pickup to go to a nearby grocery store where he purchased a carton of milk, a fruit pie and a can of beer. He stated that he brought the paper bag of groceries back to the pickup, gave the beer to Staples, drank the milk himself and ate part of the pie. He put the milk carton and the half eaten pie into the bag and put the bag in the seat of the truck. Bowling testified that there were several young girls near the pickup truck at the time and that two of them entered the truck momentarily, leaving it when they saw a police officer approaching the group. He denied any knowledge of the marijuana found within the truck and stated that at the time he put the bag on the seat of the vehicle, it contained only the remains of his meal. He also denied ownership of the cigarette papers which Officer Hance had found within the truck.

Defendant Staples took the stand and testified that he waited outside the pickup truck in the parking lot of the bowling alley for Bowling to return from the grocery store. He stated that there were three girls standing close to the truck at that time listening to the music from the tape deck inside. Staples testified that one of the girls was standing so close to the passenger door that he had to ask her to move to enable him to put his beer inside the truck. He stated that he was walking away from the truck toward the bowling alley when someone told him that two men were approaching; that police could see the open can of beer within the pickup truck and that it was against the law. Staples testified he turned back toward the truck at that time to move the can of beer.

He said it appeared to him when he turned around that one of the girls was getting out of the truck. He got in the pickup truck and the two men left shortly thereafter.

After the defense rested, the State called Officer Lee Green of the McAlester Police Department as a rebuttal witness. He testified that he was employed as a security guard by the bowling alley on the date in question. His duty was to prevent people from gathering in the parking lot by requesting them to leave or to go inside the bowling alley. On the night in question he stated that he observed an old model, light colored pickup truck enter the parking lot of the bowling alley at approximately 8:45 p. m. He stated that the passengers of that truck carried on a conversation with the passengers of a red Volkswagen for a short time and that thereafter a white Ford pulled up on the other side of the Volkswagen and approximately five girls got out and walked toward the truck and the Volkswagen. Green stated that he walked toward the group with the intention of telling them they must leave the premises or go inside the bowling alley and that at that time the pickup truck drove away. It was his testimony that he saw no one leave the pickup truck during this time and that the whole incident took no longer than three minutes.

The defendant asserts that this case must be reversed for the reason that the State's evidence is insufficient to warrant the conclusion by the jury that he was in possession of the marijuana found in the truck in which he was a passenger.

 It has been frequently held in this State that the possession prohibited by the drug laws need not be actual physical custody of the controlled substance; it is sufficient that the State prove the accused to have been in constructive possession of the contraband material by showing that he had knowledge of its presence and the power and intent to control its disposition or use. See e. g., McCarty v. State, Okl.

Cr., 525 P.2d 1391 (1974); Wentworth v. State, Okl.Cr., 513 P.2d 886 (1973); Guthrey v. State, Okl.Cr., 507 P.2d 556 (1973); Sutterfield v. State, Okl.Cr., 496 P.2d 428 (1972). Further, possession need not be exclusive; a person may be deemed to be in joint possession of a drug which is in the physical custody of a companion, if he willfully and knowingly shares with the other the right to control the contraband. See Patterson v. State, Okl.Cr., 403 P.2d 515 (1965). We have, however, repeatedly held that proof of mere proximity to a prohibited substance is insufficient. Whether the case is tried on the theory of sole or joint possession, proof that the accused was present at a place where drugs were being used or possessed is, in and of itself, insufficient to justify a finding of possession. There must be additional evidence of knowledge and control. McCarty v. State, supra; McBride v. State, Okl.Cr., 507 P.2d 63 (1973); Osburn v. State, Okl. Cr., 497 P.2d 471 (1972); Riggs v. State, Okl.Cr., 486 P.2d 643 (1971); Brown v. State, Okl.Cr., 481 P.2d 475 (1971).

 Guilty knowledge is rarely susceptible of direct proof. The fact that the accused knew of the presence of the contraband and had the right to control its disposition or use may be established by circumstantial evidence. McCarty v. State, supra. Nevertheless, it is the law of this jurisdiction that a conviction upon circumstantial evidence cannot be sustained if the proof does not exclude every reasonable hypothesis but that of guilt, and proof amounting only to a strong suspicion or mere probability is insufficient. Brown v. State, supra. We have held that circumstantial evidence which shows that a narcotic substance was found on premises possessed by the accused and under his exclusive control, permits an inference of knowledge and control of that substance which is sufficient to carry the case to the jury. Luker v. State, Okl.Cr., 504 P.2d 1238 (1973); Ruhm v. State, Okl.Cr., 496 P.2d 809 (1972).

On the other hand, as we stated in the third paragraph of the syllabus of Brown v. State, supra:

"Where a person is present in premises where marijuana is found, but does not have exclusive access, use, or possession of the premises, it may not be inferred that he had knowledge of the presence of marijuana and had control of it unless there are additional independent factors showing his knowledge and control."

Such additional independent factors may consist of incriminating statements made by the defendant, (see England v. State, Okl.Cr., 496 P.2d 382 [1972]; Sutterfield v. State, supra), incriminating conduct by the accused (Guthrey v. State, supra and Wentworth v. State, supra), prior police investigation (Hill v. State, Okl.Cr., 477 P.2d 399 [1970]), or any other circumstance from which possession may be fairly inferred. See McCarty v. State, supra.

The Attorney General's brief contends that the test of additional independent factors is met in this case because the marijuana was found in the extremely confined area of the cab of a pickup truck and because there was evidence that the defendant Staples had physical contact with the bag and hence dominion and control over it.

Many cases from other jurisdictions have explicitly recognized the principle that the mere presence of the defendant in even such a confined area as an automobile interior in which illicit drugs are found, does not, standing alone, constitute sufficient proof of his possession of such drugs. See e. g., Arellanes v. United States, 302 F.2d 603 (9 Cir. 1962); Parks v. State, 46 Ala.App. 722, 248 So.2d 761 (1971); Pryor v. State, 48 Ala.App. 465, 265 So.2d 907 (1972); People v. Connie, 52 Ill.App.2d 221, 201 N.E.2d 641 (1964); State v. Faircloth, 181 Neb. 333, 148 N.W.2d 187 (1967); Payne v. State, Tex.Cr.App., 480 S.W.2d 732 (1972); State v. Olson, R.I., 319 A.2d 27 (1974); Holden v. State, Del.

Supr., 305 A.2d 320 (1973); Corrao v. State, Ind.App., 290 N.E.2d 484 (1972).

Holden v. State, supra, is particularly apposite here. In that case an automobile owned and operated by Holden was stopped by the police on an informant's tip. There were three passengers riding in the car with Holden. On the back seat between two passengers was a container of Chinese food and in it a plastic bag containing heroin. Stating that the law places a heavier burden upon the custodian of an automobile than upon a mere passenger in this respect, the Delaware Court held that the evidence was sufficient to sustain the conviction of the driver of the automobile but insufficient to establish that the passengers had dominion and control over the narcotic and hence insufficient to establish the "possession" prohibited by law.

The facts in Payne v. State, supra, are also similar. The defendant in that case was a passenger seated in the front seat of an automobile in which a matchbox containing a narcotic substance was found upon the dashboard.

The Texas Court of Criminal Appeals, citing Brown v. State, supra, held that such evidence was insufficient to justify the conclusion that the passenger knowingly possessed the narcotic substance.

This Court has also expressly recognized the principle that mere presence of the accused in an automobile in which an illicit drug is found does not, of itself, constitute sufficient proof of his possession of that drug. In Walker v. State, Okl.Cr., 512 P 2d 208 (1973), the State's evidence showed that the defendant was one of three passengers in an automobile which had been stopped for speeding. The arresting officer asked the driver to step from his car and as he did so, the officer observed a water pipe and detected an odor of marijuana coming from inside the car. A subsequent search of the automobile disclosed marijuana in the glove compartment and marijuana located behind the driver's seat on the floorboard. The driver and three

passengers were placed under arrest. This Court stated:

"After a thorough review of the State's evidence, we agree with the defendant's contention that the State's evidence was not sufficient to prove that the defendant exercised dominion or control over the controlled drug."

In *Walker*, however, the defendant took the stand to testify that it was he who had grown and processed the marijuana found in the automobile and that it was he who had placed the package in the car and had knowledge that the substance was there. By so testifying, he completed the case against himself and *Walker* was affirmed for that reason.

 In the instant case the evidence showed that the defendant was neither the owner nor the operator of the vehicle; there was no evidence direct or otherwise that the vehicle was under his control. The only evidence of his contact with the grocery sack containing the baggie of marijuana was that, upon inquiry by the police officer, the defendant held it out for the officer's inspection. There is no evidence that he was under the influence of marijuana at the time of his arrest; that he had marijuana on his person, or that his conduct preceding or following his arrest was in some way suspicious or incriminating. There is, in short, a total absence of "additional independent factors" from which it may be fairly inferred that he knew of the presence of the marijuana or its location in the vehicle. The evidence shows only that Staples was a passenger in the vehicle sitting close to the concealed drug. Was then the jury warranted in deducing from such evidence inferences which excluded every reasonable hypothesis but that of guilt? We think not.

Accordingly, the judgment and sentence must be reversed. Unless additional evidence can be presented by the State showing defendant Staples' knowledge and con-

trol of the marijuana in conformity with the above opinion, it is the further order that this charge be dismissed.

Reversed with instructions.

BLISS, P. J., concurs.