**Robert Darrell ROTH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–707.**

Court of Criminal Appeals of Oklahoma.

March 11, 1975.

Jon B. Wallis, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Amalija J. Hodgins, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Robert Darrell Roth, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–73–2065, for the offense of Unlawful Possession of a Controlled Drug, in violation of 63 O.S.1971, § 2–402(B), par. 2. His punishment was fixed at a term of two (2) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Relevant portions of the State's evidence adduced at trial show the following chronicle of events led to the institution of this charge against defendant. Donald Wayne Bell, a narcotics officer, testified that he and Detective Charlie Jackson served a search warrant at 2512 East Sixth Street, Apartment 2, at 1:30 p. m. on October 26, 1973. The officers knocked on the apartment door and announced themselves as police officers. Betty Blair answered the door and was served with the search warrant. Officer Bell and Detective Jackson entered and proceeded to the north bedroom and gave a pat-down search to Gary Jones and Robert Darrell Roth, the defendant. Both men stood up, Jones from a bed and defendant from a chair. After the officers patted them down without finding contraband, they were told to sit back down. Witness Bell then testified that he

began to search the floor and observed a plastic bag fall from underneath the chair defendant was sitting in. The bag contained five small pieces of a soapy type substance, which they thought to be methamphetamine. Also found under the bed and near the dresser in open view were two syringes with needles affixed and a 12–14 inch piece of rubber tubing. One syringe contained clear liquid and blood was on the ends of both needles. During surrebuttal, the State's expert witness, Williamson, testified the syringes contained methamphetamine.

The witness further testified that Jones and the defendant appeared tired. According to Officer Bell, fresh needle marks showed on the arms of all persons present. Blood appeared on everyone's arm, except defendant's. Witness Bell said everyone there appeared extremely nervous and excited, except for defendant who appeared calm.

Dr. Ken Williamson, a forensic chemist, testified the substance that he ran an ultra-violet spectrogram on was methamphetamine. He further testified that no pharmaceutical company prepares methamphetamine in this form. This concluded the case in chief for the State.

Defendant Roth testified in his own behalf, and gave his account of the events leading to his arrest. According to defendant, he went to the apartment to collect fifteen dollars ($15) owed to him on the sale of an automobile. Roth stated that he had only been at the apartment five (5) minutes prior to the search.

On cross-examination, defendant explained that when he was searched, his arm was bruised and healing from scratches he had incurred when his car hood fell.

Debbie Blair then testified that she had rented the apartment and the she often brought syringes and the like home from the hospital where she worked. This concluded the testimony for the defendant.

The defendant asserts the verdict must be reversed because the State's evidence is insufficient to warrant the conclusion by the jury that he was in possession of the methamphetamine found in the apartment.

█ This Court has held on numerous occasions that to convict for unlawful possession of a controlled substance it is necessary to prove that the accused knew of its presence and that it was under his dominion and control. The Court has also stated:

> "Where a person is present in premises where marijuana is found, but does not have exclusive access, use, or possession of the premises, it may not be inferred that he had knowledge of the presence of marijuana and had control of it unless there are additional independent factors showing his knowledge and control."

See, Brown v. State, Okl.Cr., 481 P.2d 475.

In Staples v. State, Okl.Cr., 528 P.2d 1131, the Court enunciated additional factors as incriminating statements made by the defendant, incriminating conduct by the accused, prior police investigation, or any other circumstances from which possession may be fairly inferred.

█ In the case at bar, the State relies solely upon circumstantial evidence. But in this jurisdiction, a conviction upon circumstantial evidence cannot be sustained if the proof does not exclude every reasonable hypothesis but that of guilt, and proof amounting only to a strong suspicion or mere probability is insufficient. See Staples v. State, Okl.Cr., 528 P.2d 1131.

█ It is this Court's opinion that under the law as it is written and construed, the State must present more evidence than was here presented to sustain a conviction for unlawful possession of a controlled substance. We reach this conclusion because the evidence proves only that the defendant was present on premises where methamphetamine was found, without the exclusive access, use or possession of the premises. As we have said in Brown v. State, supra, knowledge and control may not be inferred from these circumstances unless there are additional factors present.

The total absence of an additional factor from which possession could be fairly inferred by a jury as enunciated in Staples v. State, supra, leaves us the only alternative of reversing the judgment and sentence. Unless additional evidence can be presented by the State showing defendant Roth's knowledge and control of the methamphetamines in conformity with the above opinion, it is the further order of this Court that this charge be dismissed.

For all of the above and foregoing reasons this case is reversed and remanded for a new trial consistent with this opinion.

BUSSEY, J., concurs.

BLISS, J., dissents.

BLISS, Judge (dissenting):

I think the evidence in this case was sufficient to justify the verdict. The question of possession and control by the defendant was submitted to jury by proper instructions—the jury found against defendant.