Porter Lawrence **GILREATH, III**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. M–79–460.

Court of Criminal Appeals of Oklahoma.

April 15, 1981.

Robert A. Jackson, Cassil, Jackson, Hall & Zorn, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Timothy S. Frets, Asst. Atty. Gen., Richard Parrish, Legal Intern, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant, Porter Lawrence Gilreath, III, was convicted in Greer County District Court, Case No. CRF–78–20, for the offense of Unlawful Possession of Marijuana. After the appellant waived jury trial, he was found guilty, and punishment was set at one (1) year imprisonment with all but sixty (60) days in the county jail to be suspended.

The conviction arose out of an incident in Mangum, Oklahoma, on July 8, 1978, when the appellant's car was allegedly found to contain bags of marijuana. The vehicle was stopped by a police officer after he witnessed a bag of litter being thrown out of the passenger side of the automobile.

Presented as the first proposition is that the evidence obtained from the automobile was inadmissible because it was the fruit of an unlawful arrest and a subsequent illegal search and seizure. The second proposition is that the State failed to prove that the appellant exercised dominion and control over the marijuana found in the vehicle.

■ We have previously stated that warrantless searches by police officers in the field must rise or fall on the individual facts existing in each case. *Seher v. State*, 554 P.2d 66 (Okl.Cr.1976). While most warrantless searches are at best questionable, they may be rendered proper under certain circumstances. These circumstances are: when the search is incident to a lawful arrest and when based upon probable cause.

■ There is no question that the appellant was legally stopped after a police officer witnessed a violation of a city ordinance, to-wit, throwing litter from the automobile, and that the marijuana leaves were in the plain view of the arresting officer. This Court has consistently held under the plain view doctrine that the act of a police officer in viewing such items does not constitute a search when the officer has the right to be in a position to see the evidence. *Reynolds v. State*, 511 P.2d 1145 (Okl.Cr.1973); *Lloyd v. State*, 505 P.2d 1364 (Okl.Cr.1973); and *Battles v. State*, 459 P.2d 623 (Okl.Cr.1969).

Concerning the plastic bags of marijuana found in a paper bag on the floor board near the driver's seat and under the floor mat, the officer had probable cause to arrest the appellant for the commission of a misdemeanor when he observed the marijuana leaves in open view on the front seat of his automobile. In *Satterlee v. State*, 549 P.2d 104 (Okl.Cr.1976), this Court approved a complete search of an automobile without a warrant once constitutionally seized evidence was found in the back seat,

since the police officers had probable cause to believe other incriminating evidence was concealed in the automobile. In *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) the United States Supreme Court held that a lawful search of an automobile may be made without a warrant where there is probable cause to believe that it contains that which by law is subject to seizure.

In the present case, the arresting officer had reason to believe that a crime was being committed and probable cause to believe that the automobile contained contraband drugs. Therefore, the search contemporaneous with the lawful arrest was reasonable, and the appellant's first proposition is without merit.

 To support his contention that the State failed to prove that the appellant exercised full dominion and control over the marijuana found in the vehicle, the appellant relies on *Walker v. State*, 512 P.2d 208 (Okl.Cr.1973). That case reflects that being a mere passenger in an automobile does not constitute sufficient proof of the passenger's possession of an illicit drug found in the automobile absent any additional factors showing knowledge and control.

This case can be distinguished from *Walker*. First, the appellant was not a mere passenger in the car, but the operator of the vehicle. Secondly, there were marijuana leaves clearly visible on the passenger's seat, and there was a brown paper bag with five baggies of marijuana in the front of the driver's seat. An additional two baggies were under the floor mat on the driver's side. We have held that while proof of mere proximity is insufficient to circumstantially show constructive possession, the proof of additional independent factors from which the possession may be fairly inferred may be established by circumstantial evidence and will be sufficient to carry the case to the jury. *Brown v. State*, 481 P.2d 475 (Okl.Cr.1971). The aforementioned independent factors sufficiently establish that the appellant exercised dominion and control over the contraband. Therefore, since the possession by the appellant of the marijuana was properly proven by circumstantial evidence, the appellant's second proposition is also without merit.

For the above foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT, P. J., dissents.

BUSSEY, J., concurs.