## TURNER RUBEN ELLIS v. STATE.

No. A-10819.   March 24, 1948.
Rehearing Denied June 9, 1948.
(194 P. 2d 229.)

Archibald Bonds, of Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Chester Norman, County Atty., and W. J. Crump and Chal Wheeler, Asst. County Attys., Muskogee County, all of Muskogee, for defendant in error.

BAREFOOT, P. J.   Defendant, Turner Ruben Ellis, was charged jointly with Roy Roberts and Floyd Kent Jarrard in Muskogee county with the crime of rape in the first degree.   A severance was granted, and defendant was tried, convicted, and by the court sentenced to serve a term of 20 years in the State Penitentiary, and has appealed.

This is a companion case of that of Roberts v. State, 87 Okla. Cr. 93, 194 P. 2d 219.   The facts are identical with the facts in that case, as they arose out of the same transaction, and it is, therefore, unnecessary to here re-

state them. The evidence is practically the same as in the Roberts case, with the exception that the codefendants Roy Roberts and Floyd Kent Jarrard did not testify in this case.

Practically all of the questions presented in the brief of defendant have been passed upon in the Roberts case. The question of venue is fully discussed in that case. Defendant sets out certain questions of the assistant county attorney, which he claims were leading. Some of these questions were leading, but they were asked upon cross-examination. There is nothing in these questions that would in any way prejudice the substantial rights of the defendant, and justify the reversal of this case.

It is also insisted that the state did not prove that the prosecuting witness was not the wife of defendant. It is true that this exact question was not asked, but other questions were asked from which it could be found that the relationship of husband and wife did not exist. Many witnesses were asked if they knew the prosecutrix, "Miss Sena Taylor"; and the prosecutrix was asked: "You are Miss Sena Taylor, is that right?", and her reply was "Yes, sir." The fact that the prosecutrix was not the wife of the accused may be proven by circumstantial evidence, and there were many circumstances in the record which would show that the relationship of husband and wife between the prosecutrix and the defendant did not exist. The defendant himself when testifying referred to the prosecutrix as "Sena Taylor" and said that he did not know the prosecutrix. He admitted making two trips into the community where she had lived for the purpose of finding out about her character. He also testified

that it was his understanding that he was to pay her money, but that she did not tell him so.

The evidence also revealed that the three defendants acted conjointly and assisted one another in consummating the crime of which they stood charged. Under these conditions, it would be immaterial whether she was or was not the wife of this particular defendant, or of either of the defendants. In 44 Am. Jur. § 29, p. 919, under the subject of rape, the rule is stated:

"It is too plain for argument, however, that the privilege of the husband is a personal one. Even though in marriage the wife has given up her body to her husband, she is not to be by him prostituted to another."

In the case of Johnson v. State, 20 Okla. Cr. 196, 201 P. 1006, this court announced this principle of law, where it is said:

"Where the evidence shows, or tends to show, that the defendant was present aiding and assisting others in committing a rape by force and violence, overcoming the resistance, of the female, a conviction will be sustained, even though he did not personally have intercourse with her."

Defendant discusses in his brief certain statements made by the assistant county attorney in his opening statement to the jury, and also in his closing argument. We have carefully examined these statements, and while it may be said that the reference made to the other two defendants having been tried and found guilty was not proper, yet, in view of the record in this case, this error was not sufficient to reverse this case.

We find that in the Roberts case the jury assessed the punishment at 15 years in the penitentiary, which was the minimum under the statute, and in this case

the jury found the defendant guilty and left the punishment to the court, and the court assessed a punishment of 20 years in the penitentiary. We find no facts which in our opinion would justify a greater punishment of this defendant than that assessed in the Roberts case. The evidence is identical. We are, therefore, of the opinion that justice demands that the punishment assessed in this case be reduced from 20 years in the State Penitentiary, to 15 years in the State Penitentiary.

As so modified, the judgment of the district court of Muskogee county is affirmed.

JONES and BRETT, JJ., concur.