# FLOYD KENT JARRARD v. STATE.

No. A-10809.   March 24, 1948.
Rehearing Denied June 9, 1948.
(194 P. 2d 227.)

Banker & Bonds, of Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Chester Norman, County Atty., and W. J. Crump and Chal Wheeler, Asst. County Attys., Muskogee County, all of Muskogee, for defendant in error.

BAREFOOT, P. J.   Defendant, Floyd Kent Jarrard, was charged jointly with Roy Roberts and Turner Ruben

Ellis in Muskogee county with the crime of rape in the first degree; was granted a severance, tried and convicted, and received a sentence of fifteen years in the State Penitentiary, and has appealed.

This is a companion case of that of Roberts v. State, 87 Okla. Cr. 93, 194 P. 2d 219; also the case of Ellis v. State, 87 Okla. Cr. 108, 194 P. 2d 229.

Each of these three defendants demanded a severance, which was granted. Roy Roberts was first tried and convicted, and the case against Turner Reuben Ellis was called for trial, and was continued by reason of the defendant Ellis being in a hospital at Fort Smith, Ark., where he had undergone an operation for appendicitis. The case against this defendant, Floyd Kent Jarrard, was then called, and he was tried and convicted, as above stated. The defendant Ellis was later tried and convicted, and appealed to this court, as above indicated.

In the Roberts case a full and complete statement of the facts is given, and since the facts are the same in the two cases, it is unnecessary to repeat them here. Also a number of the assignments of error here presented were considered in that case, and will not be here reviewed. Other contentions considered in the Ellis case will not be repeated.

It is here contended that the court erred in refusing to grant a continuance in this case, because of the absence of the codefendant Ellis, whose case had been postponed by reason of the fact that he was in a hospital at the time of the trial.

This motion for continuance was made orally when defendant's case was called for trial. No affidavit was made as to what the witness would testify, if present, in

compliance with the statute Tit. 12 O. S. 1941 § 668. Foster v. State, 79 Okla. Cr. 183, 152 P. 2d 929. The witness Ellis had testified fully in the Roberts case, and the county attorney agreed that his testimony as given in that case could be read to the jury in this case, but counsel did not see fit to read it, and he did not place upon the witness stand the codefendant Roberts, who had testified in his own behalf. All three of the defendants testified in the Roberts case, and all admitted having intercourse with prosecutrix, but denied that it was by the use of force, testifying that it was voluntary on her part. The trial court evidently took these facts into consideration in exercising his judicial discretion in overruling the motion for continuance in this case on account of the absence of the codefendant Ellis. We do not find that this was an abuse of discretion. It has often been held that the granting of continuance is within the sound discretion of the trial court, and the same will not be set aside unless there is an abuse of this discretion. Jackson v. State, 77 Okla. Cr. 160, 140 P. 2d 606; McKendree v. State, 78 Okla. Cr. 321, 148 P. 2d 210; Nix v. State, 80 Okla. Cr. 265, 158 P. 2d 726; Jenking v. State, 80 Okla. Cr. 328, 161 P. 2d 90.

Three separate juries of Muskogee county passed upon the question of the guilt of these defendants, and in each instance returned a verdict of guilty. Under the above facts, we are of the opinion that the court did not err in overruling the motion for continuance in this case.

It is also assigned as error that the court refused to sustain the challenge for cause to a certain juror.

This assignment is based upon the fact that the juror had been called in the companion case of State v. Roberts and had been excused. Defendant cites the case of Weber

v. State, 44 Okla. Cr. 450, 281 P. 987, to sustain this contention.

An examination of the Weber case reveals that there the jurors had served in another case against the same defendant, where the charge was the same and the evidence relied on was practically the same, and the jurors were held to be disqualified. No such facts appear here. The juror did not sit in the trial of the Roberts case, and had only been called and excused. We know of no case holding, under facts as here presented, that the juror was disqualified from serving in a companion case. There is nothing in the record that discloses that the juror was in any way disqualified by reason of having been called in the former case, and excused. No cases have been cited so holding, and we do not see any reason therefor.

The question of the admission of incompetent evidence has been considered in the Roberts and Ellis cases, and need not be further considered here.

This is also true as to the question of venue, and that it was not shown that prosecutrix was not the wife of the defendant. Here the prosecutrix testified that she was not married, and the defendant admitted on the witness stand that he did not know the girl, and also testfied that he himself was a single man.

For the reasons above stated, the judgment of the district court of Muskogee county is affirmed.

JONES and BRETT, JJ., concur.