**Douglas Warren WHITEHEAD, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–75–737.**

Court of Criminal Appeals of Oklahoma.

Feb. 9, 1976.

As Corrected Feb. 11 and 25, 1976.

**274**

Alan B. McPheron, Durant, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Joe Mark Elkouri, Legal Intern, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Douglas Warren Whitehead, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Bryan County, Case No. CRF–75–21, for the offense of Unlawful Possession of Marihuana With Intent to Distribute, in violation of 63 O.S.1971, § 2–401. His punishment was fixed at five (5) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The facts as presented at trial revealed that on March 9, 1975, at approximately 7:00 p. m., Officer James Hill, a patrolman for the City of Durant, was dispatched to the Roadrunner Motel to investigate a report of a stolen firearm allegedly committed by the occupant of Room No. 7. Officer Hill, unable to get a response from Room No. 7, had begun to walk away when the defendant and two other persons walked out of Room No. 6. Officer Hill immediately approached these three persons and began to ask them questions concerning the whereabouts of the occupant of Room No. 7 when Officer Hill detected the odor of marihuana which appeared to emanate from the defendant and the room from which he had come. Officer Hill, not fully satisfied with the investigation of the occupant of Room No. 7, did not detain the defendant or the other persons with him. However, moments later determining that Room No. 7 was unoccupied, Officer Hill followed in his patrol car the defendant and his two friends who had gotten into defendant's car and driven away. After radioing for a backup unit, Officer Hill pulled the defendant's car over and got out of his patrol unit to talk to the defendant who had likewise gotten out of his

car. At this point, Officer Webb who had arrived in the backup unit, approached the defendant's vehicle and requested that the defendant's two companions get out of the car. After the companions had gotten out of the car Officer Webb proceeded to search the defendant's automobile. Under the driver's seat of the automobile Officer Webb noticed the edge of a brown paper sack. Upon retrieving the sack Officer Webb discovered that the sack contained four baggies of marihuana. Incident to the seizure of the marihuana defendant was arrested and taken into custody by Officer Hill and Officer Webb.

After Officer Hill arrived at the police station he contacted Detective Bob Hendricks of the Durant Police Department. Detective Hendricks, at the request of Officer Hill, went to the police station where Officer Hill informed him of the circumstances leading up to the arrest of defendant. After a brief discussion of the incident Officer Hill accompanied Detective Hendricks to the Roadrunner Motel. Detective Hendricks was unable to see into the room until he employed the use of a table which allowed him to see above the curtains in the window. Detective Hendricks then opened the unlocked door to the room and detected the lingering aroma of marihuana. Hendricks then contacted the Assistant District Attorney and obtained a search warrent to defendant's room. During the course of this search Hendricks, as well as other officers of the Durant Police Department, found several baggies of marihuana, a bag of marihuana seeds, some marihuana stems, and other marihuana related paraphernalia.

The defendant in his first assignment of error contends that the search and seizure of the automobile was illegal and the fruits obtained therefrom, likewise, inadmissible. With this contention, we must agree. In Constitutional Art. 2, § 30, of the Oklahoma Constitution, we find the following provision:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

This Article, which is the predicate on which all search and seizure law depends, authorizes searches when such a search is either reasonable under the circumstances or based upon a valid warrant. As can be seen from the record, the search of the automobile in the instant case was not based upon a warrant; therefore, it must stand or fall upon the reasonableness of the search under the circumstances. Basically, there are two occasions on which a search without a warrant may be justified as reasonable: One is where the search is incident to a lawful arrest; and, the second is when probable cause exists to believe that the defendant is in possession of that which is subject, by law, to seizure. However, the second occasion is limited by the requirement that there be "exigent circumstances." If the officer would not be endangered by foregoing the search until a warrant could be obtained, or if there is no danger that the evidence would be destroyed, then a warrant must be obtained prior to the search. See, *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed. 2d 419 (1970); and *Fields v. State*, Okl. Cr., 463 P.2d 1000 (1970). The record clearly reveals that an arrest was not made until after the search and seizure of the marihuana from underneath the driver's seat, thus negating any possibility that the search could be justified as incident to a lawful arrest. Consequently, to be legal the search must have been based on probable cause coupled with exigent circumstances, necessitating the immediate search of the car. The circumstances which will justify the warrantless search of an automobile can be found in *Gaston v. State*, Okl.Cr., 457 P.2d 807 (1969); *Davis v. State*, Okl.Cr., 514 P.2d 1195 (1973). However, dispositive of the issue of the

search is the decision of this Court that the search of the automobile which produced the marihuana was not based on probable cause. The smell of the marihuana outside the motel room from which the defendant emerged did not give Officer Hill probable cause to believe that the defendant's automobile contained marihuana. In support of this conclusion we note that there was no testimony that: the defendant and his companions were the ones smoking the marihuana which created the odor outside the motel room; that the defendant was ever in possession of marihuana; that the defendant or his companions transferred marihuana to the automobile from the room; that upon being stopped by Officer Hill the defendant or his companions smelled of marihuana; or, that the automobile upon being stopped smelled of marihuana. And, it is well known that a search which is conducted on mere suspicion is illegal and the fruits thereof are inadmissible in a court of law. See, *Thompson v. State,* Okl.Cr., 444 P.2d 849 (1968); *Fields v. State,* supra; *Thompson v. State,* Okl.Cr., 487 P.2d 737 (1971). Therefore, we conclude that the defendant's motion to suppress the marihuana seized in the illegal search of the automobile should have been sustained.

The defendant also contends that the search of the motel room, even though based on a warrant, was illegal and the fruits thereof should have been suppressed. We must agree.

The affidavit contained in the search warrant issued for the search of defendant's room was based on: The original detection of the odor of marihuana by Officer Hill; and the seizure of the marihuana during the illegal search of defendant's car. As can be seen, a substantial basis for the warrant was the fruit of the illegal search and seizure. Also, the actions of Detective Hendricks are of the type specifically prohibited by Constitutional Art. 2, § 30. In *Hamel v. State,* Okl.Cr., 317 P.2d 285 (1957), this Court held that the search of a motel room by placing a chair against the door and peering over the transom was illegal. No less illegal was the unauthorized entry into defendant's motel room whereby Detective Hendricks was able to again detect the odor of marihuana. Not until these two illegal acts was Detective Hendricks satisfied with the detection of the marihuana odor by Officer Hill. In *Michaud v. State,* Okl.Cr., 505 P.2d 1399 (1973), this Court cited with approval *Wong Sun v. United States,* 371 U.S. 471, 485, 83 S.Ct. 407, 416, 9 L.Ed.2d 441 (1963), holding that evidence which has been illegally obtained is inadmissible for any purpose in a court of law. Under the circumstances in the instant case the only conclusion which this Court in good conscience can reach is that the search of the defendant's motel room was so thoroughly tainted by illegal actions and conduct that the fruits thereof should have been suppressed.

For the reasons stated in the foregoing discussion, this Court holds that the judgment rendered in the court below is, hereby, *reversed.*

BUSSEY and BLISS, JJ., concur.