**Raymond Arthur WALLACE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–662.**

Court of Criminal Appeals of Oklahoma.

Oct. 23, 1980.

Robert C. Schulte, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., C. Elaine Alexander, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge.

Appellant, Raymond Arthur Wallace, hereinafter referred to as defendant was charged, tried by jury, and convicted by Rape in the First Degree, 21 O.S.1971, § 1114 and Robbery by Force or Fear, 21 O.S.1971 § 791, After Former Conviction of

a Felony, in Comanche County District Court Case Nos. CFR–78–1327 and 78–1328, and punishment was fixed at forty (40) years and one (1) day, and twenty–five (25) years and one (1) day, respectively, to run consecutively. From said Judgments and Sentences an appeal has been perfected to this Court.

The evidence of the State established that in the early morning hours of December 9, 1978, the prosecutrix was awakened by the sound of someone in her darkened house. She got out of bed but was grabbed by a black male. The man choked her, struck her, ripped her gown open and raped her. The man then demanded money. Prosecutrix gave him four or five twenty dollar ($20.00) bills and two (2) one dollar ($1.00) bills. The assailant then struck her and tried to rape her again but was unsuccessful, whereupon prosecutrix was thrown to the floor and stomped in the face by the man. He took a small brown paper bag containing jewelry and fled from the house. Prosecutrix immediately contacted the police and gave a description of her attacker.

At the preliminary hearing, the state's evidence was that the assailant fled from the scene on foot in a northeasternly direction; a taxi cab was seen by a police lieutenant to be driving away from the general area of the attack; the lieutenant ordered another officer to stop the cab, although the lieutenant had no idea who was in it; two officers did in fact stop the cab and observed that the passenger, identified as Defendant, matched the description given by the victim: black male, young 20's, tan suit jacket, afro style hair cut, medium build and about 5′9″ or 5′10″ tall. It was also noticed that the man's belt was unbuckled and pants were unzipped.

At trial it was also established that one of the officers who stopped the cab did so because he saw it drive into the area, stop at an apartment complex northeast of the victim's residence, and proceed out of the area, occupied by the driver and a passenger. The passenger was transported to the crime scene where the prosecutrix tentatively identified him but then withdrew the identification. The defendant was transported to the police station to be booked on investigation of rape where a strip search revealed five twenty dollar bills and two one dollar bills hidden between his buttocks. A brown paper bag containing the prosecutrix's stolen jewelry was found behind the back seat of the police unit in which the defendant was transported to the station.

■ Defendant asserts in his first assignment of error that the evidence presented at the preliminary hearing was insufficient to justify binding him over for trial. The defendant argues that the only evidence of probable cause to believe that he committed the offenses was improbable and suspect identification testimony by the prosecutrix. We disagree. An arresting officer testified as to the circumstances surrounding defendant's arrest which occurred in close proximity in time and place to the crimes. Defendant matched the description of the assailant and his pants were unzipped and unbuckled. A subsequent strip search of defendant revealed currency of the same denominations as that which had been taken from the victim. This evidence, although circumstantial, was sufficient to establish probable cause even without the prosecutrix's in-court identification of defendant. We have previously held that it is not necessary that the evidence presented at preliminary hearing be sufficient to convict, and there is a presumption that the State will strengthen its evidence at trial. See *Morgan v. State*, Okl.Cr., 569 P.2d 474 (1977).

■ Defendant contends that the arrest was illegal, and the money inadmissible, since it did not occur until after prosecutrix stated that Defendant was not the attacker, thereby denying any probable cause for the arrest. However, it appears clear that Defendant was in fact 'arrested', that is, confronted by the police and restrained of his freedom to depart, see *Henry v. State*, Okl.Cr., 494 P.2d 661 (1972), at the time he was ordered out of the cab, handcuffed and transported by police cruiser to the victim's residence. We find that the evidence related above provided probable cause to support the arrest.

Defendant contends in his second assignment of error that the verdict of the jury is not supported by the evidence after the arrest and search are invalidated and the evidence obtained thereby suppressed. Since we have previously found that the arrest and search of defendant were lawful, it necessarily follows that this assignment of error is without merit.

Defendant alleges in his third assignment of error that the verdict is not supported by the evidence in that there was no proof of penetration. This assignment of error is frivolous. The prosecutrix was specifically asked if actual penetration occurred, to which she responded, "yes it did." [Tr. 19]

Penetration may be established by the clear and convincing testimony of the prosecutrix. *Meeks v. State*, Okl.Cr., 540 P.2d 584 (1975).

Defendant next asserts that the verdict is not supported by the evidence because there was no proof that the prosecutrix was not defendant's wife. Prosecutrix testified that the intruder was a stranger [Tr. 11]. It was further established that prosecutrix is a middle–aged caucasian whereas defendant is of African descent and in his twenties. The fact that accused and prosecutrix are not man and wife may be established by circumstantial evidence. *Jarrard v. State*, 87 Okl.Cr. 89, 194 P.2d 227 (1948). The evidence, although circumstantial, was sufficient to establish that no marriage relationship existed between the parties.

Defendant's final assignment of error is that the sentences are excessive and contrary to the law and evidence. We need only observe that the punishments imposed are well within the ranges provided by law and, considering the nature of the offenses, do not shock the conscience of this Court. The Judgments and Sentences are accordingly AFFIRMED.