**Gary Michael THOMPSON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14218.**

Court of Criminal Appeals of Oklahoma.

Sept. 4, 1968.

Fred Gilbert, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

This is an appeal from the conviction for a misdemeanor charge tried in the Municipal Criminal Court of Record, City of Tulsa. Plaintiff in error, hereafter referred to as defendant, was convicted for the offense of "Pointing a Deadly Weapon", on July 26, 1966, within the corporate limits of the City of Tulsa. He was tried by a jury, which found him guilty and sentenced him to pay a fine of $100.00, to serve twelve months in the county jail, and recommended that the jail sentence be suspended. On November 1, 1966, judgment and sentence was passed in accordance with the jury's verdict, at which time the trial court suspended the jail sentence. Thereafter, defendant perfected his appeal to this Court.

The Attorney General filed a Motion to Dismiss, on grounds that the case made failed to include a formal record of judgment and sentence. Defendant responded to said motion to dismiss, and showed the Court that he had attempted to obtain such formal record, but that he was unable to obtain same in that none had been placed in the court file, and that he had specifically requested such record to be provided, but without results; he requested in his motion permission to withdraw the case made for correction, and for an order "nunc pro tunc" from this Court requiring the trial court to prepare and file such record. This Court entered such order, and subsequent thereto the formal record of judgment and sentence was included in the case made.

We have reviewed the record before this Court thoroughly and find that defendant's contention that his arrest and the subsequent search and seizure of his automobile were both illegal; and that his motion to dismiss and demurrer should have been sustained by the trial court.

See: Leach v. State, 94 Okl.Cr. 334, 235 P.2d 968, 973, wherein this Court said:

"A search of an automobile without a search warrant and not as an incident of a lawful arrest, and not on any probable cause of the commission of a felony, but on mere suspicion, violates the constitutional provision forbidding unreasonable searches or seizures, and evidence obtained by such a search is inadmissible." See also: Jones v. State, 82 Okl.Cr. 91, 166 P.2d 443.

We are therefore of the opinion that, in accord with Leach v. State, this case should

be reversed and remanded with instructions to dismiss case number 59,774 in the Municipal Criminal Court of Tulsa, Oklahoma, and it is so ordered.

Case reversed and remanded, with instructions to dismiss.

BUSSEY, J., concurs.