Donald Lee **NORTON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–16801.

Court of Criminal Appeals of Oklahoma.

Sept. 29, 1972.

Mac Oyler, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Donald Lee Norton, hereinafter referred to as defendant, was convicted in the District Court of Oklahoma County, Case No. CRF–70–309, of second degree burglary and sentenced to ten (10) years imprisonment. Judgment and sentence was imposed on February 19, 1971 and this appeal perfected therefrom.

The critical issue in this appeal is the reasonableness of a warrantless search of the defendant's automobile from which evidence was seized and admitted at defendant's trial.

It was charged by information that on January 3, 1970 the defendant committed the offense of second degree burglary by unlawfully breaking and entering the M & K Construction Company in Oklahoma City by prying open the back door of that establishment and entering therein with the

intent to steal, without the consent of the owner, property therein for the defendant's benefit. The second page of the information charged that defendant had been previously convicted of robbery, in Oklahoma County, on April 24, 1953.

An Oklahoma City policeman, Officer Summers, testified that he had been investigating information indicating the felony offense of uttering forged checks. Pursuant to that investigation, Officer Summers had been given a description of an automobile, a gold colored Oldsmobile Toronado, and two suspects. On January 4, 1970 at approximately 10:45 p. m., Officer Summers saw a gold colored Oldsmobile Toronado and followed it for about six blocks. The officer believed this to be the car indicated in his investigation based on its description and the tag number. The officer did not know the two occupants of the Oldsmobile until it had stopped and both occupants got out. Defendant got out from the driver's side of the Oldsmobile and the other subject, Roy Ray Moore, stepped out from the other side of the car. According to Officer Summers, the defendant and Moore fit the general description of the subjects indicated in his investigation of uttering forged checks. Summers then placed both men under arrest. Defendant was taken into custody by other officers and placed in Officer Summers' police car while Officer Summers searched Moore and discussed with him his identification papers. Moore was then taken by other officers and placed in a second police car. Officer Summers then approached the Oldsmobile and searched its interior. Under the front seat, Officer Summers uncovered an eighteen-inch nail bar, a screwdriver and a pair of tin snips. According to Officer Summers, the nail bar had paint smudges on it. Defendant's motion to suppress evidence of the car search was overruled and the nail bar was admitted in evidence over defense objection.

Further testimony established that the M & K Construction Company had apparently been broken into by prying open the back door. A chemist testified that he com-

pared black paint samples from the door of the burglarized company with the black paint smudges on the nail bar found in defendant's car. On the basis of the chemist's comparison by microscope and spectrograph, he found the paint components and texture to be the same. The paint smudges on the nail bar found in defendant's car was the only link in the evidence connecting the defendant with the forcible entry into the M & K Construction Company.

Defendant contends that the warrantless search of the Oldsmobile was unreasonable and that the trial court erred in overruling his motion to suppress the nail bar seized in the search of the car. In reply, the State argues that the automobile search was made upon reasonable and probable cause which renders it a reasonable search although it was warrantless.

 A warrantless search is per se unreasonable, and the burden is on the State to prove that a warrantless search is reasonable as coming within one of the few defined exceptions to the warrant requirements. Trupiano v. United States, 334 U.S. 699, 705, 68 S.Ct. 1229, 92 L.Ed. 1663. Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576. Lawson v. State, Okl.Cr., 484 P.2d 1337 (1971). The evidence before the trial court did not establish what, if any, probable cause existed that would justify a warrantless search of the defendant's automobile. The officer did not testify that he had been informed that the car contained burglary tools, stolen property or weapons. Although the United States Supreme Court has upheld warrantless automobile searches under special circumstances, the Court observed in Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 221, 88 S.Ct. 1472, 1475, 20 L.Ed.2d 538, that it has "always insisted that the officers conducting the search have 'reasonable or probable cause' to believe that they will find the instrumentality of a crime or evidence pertaining to a crime be-

fore they begin their warrantless search." The evidence before the trial court did not establish that Officer Summers had reasonable or probable cause to believe that evidence would be found in defendant's automobile pertaining to the forged checks investigation, the burglary or any other offense. It may be that the officer had such probable cause, but the State failed in its burden to establish this essential evidence. Thus we find that there was no probable cause which would have supported a warrantless search of the defendant's automobile.

The latest pronouncement of the United States Supreme Court on this subject in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) affords some guidance. In that case the police obtained warrants authorizing them to arrest the accused and to search his automobile.[1] The accused was arrested in his house and officers seized his automobile, which was parked in the driveway to the house. The automobile was subsequently towed to the police station where it was searched and vacuumed. Sweepings obtained from the automobile were admitted into evidence against the accused at his trial, where he was convicted of murder. The Supreme Court reversed the conviction holding that the warrant authorizing the search of the automobile was invalid and that the search of the automobile could, therefore, not constitutionally rest upon the warrant; furthermore, the Court held there were no exigent circumstances justifying a warrantless search of the automobile, thus the fruits of the search were inadmissible.

In *Coolidge*, the State had argued that it was authorized to make a warrantless search of the automobile under the rules announced in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, and Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed. 419. The Court rejected this argument and held that "even granting

1. The search warrants, being issued by the State Attorney General acting as Justice

of the Peace, were found to be illegal. He was also chief investigator of the crime.

that the police had probable cause to search the car, the application of the *Carroll* case to these facts would extend it far beyond its original rationale." 403 U.S. at 458, 91 S.Ct. at 2034. The Court observed the underlying rationale of *Carroll* was to allow warrantless automobile searches under circumstances " 'where it is not practicable to secure a warrant, because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.' " Thus, " 'exigent circumstances' justify the warrantless search of 'an automobile stopped on the highway,' where there is probable cause, because the car is 'movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained.' '[T]he opportunity to search is fleeting. . . .' " 403 U.S. at 459, 91 S.Ct. at 2034. As to Coolidge's car, the Court reasoned that since "[t]here was no way in which he could conceivably have gained access to the automobile after the police arrived" and took him into custody, the "opportunity for search was thus hardly 'fleeting.' " 403 U.S. 460, 91 S.Ct. at 2035. The Court concluded:

> "The word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears. And surely there is nothing in this case to invoke the meaning and purpose of the rule of Carroll v. United States—no alerted criminal bent on flight, no fleeting opportunity on an open highway after a hazardous chase, no contraband or stolen goods or weapons, no confederates waiting to move the evidence, not even the inconvenience of a special police detail to guard the immobilized automobile. In short, by no possible stretch of the legal imagination can this be made into a case where 'it is not practicable to secure a warrant,' * * *" 403 U.S. 461–462, 91 S.Ct. at 2035.

Likewise, in the instant case, there are no exigent circumstances which would justify a warrantless search of the automobile even if the police had probable cause to search the car. The opportunity for search was not fleeting. The police had the opportunity both before the defendant's arrest and after his arrest to secure a proper search warrant for the automobile. There is nothing in the evidence to suggest that this is a case where it was not practicable to secure a warrant.

Finding that there was no probable cause to search the car, and further finding that there were no exigent circumstances which would justify a warrantless search even if there was probable cause, the only other justification remaining for a warrantless search would be if it was incident to arrest.

■■ It is a familiar rule that when an arrest is made for other than a minor traffic offense, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the arrestee might seek to use in order to resist or effect his escape. Under this rule, "[t]here is justification for a search of an arrestee's person and area within his immediate control; meaning the area from within which he might reach for a weapon or to destroy evidence. The area of permissible search is governed by the proximity of the arrestee to the point of search and the arrestee's access to the place searched while he is in the custody of the arresting officer." Fields v. State, Okl. Cr., 463 P.2d 1000, 1001. The defendant and his companion Moore were already confined in separate police cars when the officer began his intrusive search of the defendant's car. This search of the empty car, clearly beyond the reach of the defendant, exceeded the area in which it was reasonable to search for a weapon. Thus, in the instant case, as in Fields v. State, supra, "[s]ince defendant had no access to the area searched, the search was not permissible or reasonable" as a search for weapons incident to arrest.

We, therefore, conclude that the State did not establish probable cause to search the automobile; that if there was probable cause to search the automobile, there were no exigent circumstances which would jus-

tify a warrantless search; and that the warrantless search of the automobile cannot be justified as a search for weapons incident to an arrest. Since the State failed in its burden to prove the warrantless search was reasonable, we conclude that the motion to suppress evidence from the car search was erroneously overruled, and that the evidence from the automobile search was inadmissible.

Since absent the nail bar with its paint smudges found in defendant's car, there is no link between defendant and the burglary, the evidence herein is insufficient to support the conviction. Accordingly, the judgment and sentence must be reversed and remanded.

Reversed and remanded.

SIMMS, J., concurs in result.