**Bobby Jean DAVIS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–79–361.**

Court of Criminal Appeals of Oklahoma.

Dec. 15, 1980.

Chris Eulberg, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, Timothy S. Frets, Asst. Atty. Gen., for appellee.

### MEMORANDUM OPINION

CORNISH, Presiding Judge:

The pivotal issue of this appeal is whether the warrantless seizure of marihuana and a revolver by the highway patrol was proper after the appellant was stopped for speeding.

Bobby Jean Davis was convicted in the District Court of Pottawatomie County for Transporting a Firearm, Case No. CRM–79–73, and for Unlawful Possession of Marihuana, Case No. CRM–79–77. Both convictions were consolidated on appeal.

After being stopped on Interstate Forty for speeding at 78 m. p. h., the appellant exited his vehicle and entered the trooper's

patrol car at her request. While issuing a written citation for speeding, the trooper detected the odor of marihuana about the appellant's person. The appellant remained in the patrol car, and the trooper approached the appellant's vehicle, wrote down the tag number, and then searched his vehicle. A pouch of marihuana and a loaded .22 caliber revolver were discovered under the arm rest in the front seat. The trooper then proceeded to search the unlocked glove box and the trunk of the vehicle. At no time did the appellant consent to the search. The trooper further testified that she observed no intoxicated or erratic behavior by the appellant. Nor was his person frisked or searched prior to the vehicle search. Additional testimony reflects that the trooper searched the vehicle "because of the smell" of marihuana when the appellant was sitting in the patrol car.

■ To sustain a warrantless search after stopping a vehicle, it is incumbent upon the State to show under which exceptions to the warrant requirement the evidence can be lawfully seized. In *Whitehead v. State*, Okl.Cr., 546 P.2d 273 (1976), our unanimous Court held:

> Basically, there are two occasions on which a search without a warrant may be justified as reasonable: one is where the search is incident to a lawful arrest; and, the second is when probable cause exists to believe that the defendant is in possession of that which is subject, by law, to seizure. However, the second occasion is limited by the requirement that there be "exigent circumstances."

As early as 1971 in *Lawson v. State*, Okl. Cr., 484 P.2d 1337 (1971), we stated that, on arrest for a traffic violation, absent special circumstances, where the officer has probable cause to search the area in which the arrestee may reach for a weapon or destroy evidence of the crime for which he was arrested, there is no lawful predicate for a search of the driver or the vehicle.

■ At the time of the trooper's search in this case, the appellant was seated in the patrol car, well beyond the reach of the items confiscated from his vehicle. The fact that the trooper did not search the appellant's person prior to turning her back on him and entering his vehicle is certainly indicative that there was no apparent fear that the appellant would reach for a weapon or seek to destroy evidence. The record is void of evidence to show that the appellant was under the influence of intoxicants, either demonstrated by his driving or his walking from his vehicle to the trooper's car. Nor is there evidence which demonstrates that the trooper was seeking instrumentalities of the fruits of the crime for which the appellant was initially arrested, i. e. speeding. See *United States v. Humphrey*, 409 F.2d 1055 (10th Cir. 1969).

We, therefore, hold that the trial court erred in overruling the appellant's motion to suppress the evidence obtained as a result of the vehicle search. This was an unreasonable search and seizure exceeding constitutional limits.

REVERSED and REMANDED with instructions to DISMISS.

BRETT, J., concurs.

BUSSEY, J., concurs in results.