Jackson Ray LUCAS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–644.

Court of Criminal Appeals of Oklahoma.

Aug. 7, 1985.

W.B. Ward, Jr., Ada, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Jackson Ray Lucas, was convicted of the crimes of Unlawful Possession of Marijuana with Intent to Distribute in Case No. CRF–83–245 and two (2) counts of Possession of a Firearm After Former Conviction of a Felony in Case No. CRF–83–246 in the District Court of Seminole County and was sentenced to eight (8) years imprisonment in Case No. CRF–83–245 and three (3) years imprisonment to run consecutively on each count in Case No. CRF–83–246, and he appeals.

Briefly stated the facts are that on the morning of October 7, 1983, a woman stopped a Seminole County Deputy Sheriff, as he was entering his police car, and reported that she had just observed a man beating a woman in a green Ford at the intersection of Highways 56 and 207 in Wewoka, Oklahoma. The deputy radioed the sheriff's office and related the information. Subsequently, another deputy stopped the green Ford in which the appellant, his wife, and his minor son were traveling.

The deputy parked his police car behind the appellant's vehicle and as he approached it he observed the appellant "making threatening gestures" and "doing a lot of bobbing and ducking" which caused the officer to believe that the appellant was searching for a weapon. Shortly after the appellant got out of his vehicle, the sheriff and another deputy arrived, and the appellant admitted that earlier in the day as his wife had attempted to get out of the car he had grabbed her by the hair and pulled her back into the car. The appellant then explained to the sheriff that everything was fine and requested permission to leave. The sheriff, who recognized the appellant as a convicted felon, denied the request and asked Mrs. Lucas if she was hurt, if she needed a doctor, if she wanted to file assault and battery charges, and if her husband had a weapon in the vehicle. After she assured him that she was fine, that she did not want to file charges, and that her husband did not have a weapon in the car, the sheriff informed her that he would have to make certain and asked her to step out of the car. She complied, and as the sheriff began to search the vehicle, he observed a large brown paper sack almost completely covered by a woman's blouse in the floorboard under the car seat on the passenger's side. The bag contained six (6) plastic bags of marijuana totaling approximately two and one-half (2½) pounds. Additionally, the sheriff discovered a loaded .22 magnum revolver in a shoulder holster under the front seat and found a small book on the dash used to record drug transactions.

After arresting the appellant and his wife, the sheriff obtained a search warrant for the Lucas' residence and found a loaded .357 magnum revolver in the hall closet and discovered drug paraphernalia in the bedroom closet.

The appellant raises two assignments of error on appeal only one of which we deem necessary to consider in this opinion.

The appellant contends that the trial court erred in overruling his motion to suppress the illegally seized evidence. We agree with this contention.

The initial investigatory stop of the appellant in the instant case was justified based upon the officer's reasonable articulable suspicion that the woman in the vehicle was being assaulted. *U.S. v. Long*, 705 F.2d 1259 (10th Cir.1983). Although the officer's articulated basis for the stop is predicated upon information received in a police bulletin, the officer was justified in stopping the automobile to verify the report and to ensure the welfare of the woman who, according to the report, was being assaulted. See, *Martin v. State*, 620 P.2d 446 (Okl.Cr.1980). Having found that the investigatory stop was justified, we must now consider the legality of the subsequent search of the vehicle.

The State argues that since the appellant was recognized as a convicted felon and made "threatening gestures" and overt movements while inside the vehicle that caused them to believe that he was conceal-

ing a weapon within the car, the officers were justified in conducting a warrantless search.

However, every search and seizure made without a search warrant is per se unreasonable under the Fourth Amendment of the United States Constitution. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), *Hughes v. State*, 552 P.2d 1154 (Okl.Cr. 1976). To this general rule there are certain "specifically established and well delineated exceptions." *Coolidge*, supra. In *Whitehead v. State*, 546 P.2d 273 (Okl.Cr. 1976), this Court held:

> Basically, there are two occasions on which a search without a warrant may be justified as reasonable: One is where the search is incident to a lawful arrest; and, the second is when probable cause exists to believe that the defendant is in possession of that which is subject, by law, to seizure. However, the second occasion is limited by the requirement that there be 'exigent circumstances.'

We are of the opinion that no exigent circumstances are present in the instant case to justify the warrantless search, and that the movements and gestures of the appellant while seated in his automobile did nothing more than create suspicion in the mind of the deputy who observed them. It is well established that mere suspicion of officers does not rise to the dignity of probable cause and that suspicion will not justify an otherwise unlawful search. *Seher v. State*, 554 P.2d 66 (Okl.Cr.1976). Once the officers were assured by both the appellant and his wife that everything was fine, the reason for the detention terminated, and the subsequent search was improper.

We, therefore, hold that the trial court erred in overruling the appellant's motion to suppress the evidence obtained as a result of the vehicle search. Moreover, the evidence seized from the appellant's residence although obtained pursuant to a valid search warrant was discovered by exploitation of the illegal vehicle search and is "fruit of the poisonous tree." Therefore, the evidence seized at the appellant's residence must be suppressed as well. *Wong Sun v. U.S.*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

Since the evidence of the illegal searches was improperly admitted into evidence, this case is REVERSED and REMANDED with instructions to DISMISS.

PARKS, P.J., and BRETT, J., concur.