2003 OK CR 1

The STATE of Oklahoma, Appellant,

v.

James PAUL, Appellee.

No. S–2002–547.

Court of Criminal Appeals of Oklahoma.

Jan. 8, 2003.

Thomas R. Pixton, Elk City, OK, Attorney for Defendant at trial.

Lisa Birdwell, Assistant District Attorney, Sayre, OK, Attorney for the State at trial.

No Response Provided on appeal.

Lisa Birdwell, Assistant District Attorney, Sayre, OK, Attorney for Appellant on appeal.

## SUMMARY OPINION ON RESERVED QUESTION OF LAW

CHAPEL, Judge.

¶ 1 James Paul was charged with Trafficking in Illegal Drugs (Marijuana) in violation of 63 O.S.2001, § 2–415, in the District Court of Beckham County, Case No. CF–2001–81. A jury trial was held. At the close of the State's evidence, the Honorable Joe L. Jackson raised a Motion to Suppress, suppressed the evidence, dismissed the case, and exonerated Paul's bond. The State appeals from this decision on a reserve question of law.[1]

---

1. 22 O.S.2001, § 1053(3). The trial court's order suppressing the evidence and dismissing the case bars further prosecution. *State v. Campbell,* 1998 OK CR 38, 965 P.2d 991, 992.

¶ 2 The State raises two related issues: Does the alert of a drug-detecting dog give an officer probable cause to search a vehicle stopped for a traffic violation on a highway without a search warrant? Second, is an officer who has probable cause to search a vehicle stopped for a traffic violation on the interstate highway required to obtain a search warrant to search the vehicle? After thorough consideration of entire record before us, including the original record, transcripts, State's brief,[2] and exhibits, we answer the first question "yes" and the second question "no".

¶ 3 The first issue raised by the trial court's decision is whether the arresting officer's observations of Paul and the driver gave the officer reasonable suspicion to further detain them for investigation. An officer may prolong detention after a traffic stop if the officer has an objectively reasonable and articulable suspicion that illegal activity may be occurring; bases for this suspicion may include inconsistent statements about destination, and questionable proof of ownership or authority to operate the vehicle.[3] These factors were present here. We must next determine whether the dog sniff itself constitutes a search. It does not.[4] In fact, this dog sniff did not significantly lengthen the time of investigative detention, since the dog was on the scene in the officer's car.[5] The last issue raised by the trial court's decision is whether a dog sniff "hit" creates probable cause to search without a warrant. It does.[6]

¶ 4 Finally, the trial court appears to have been motivated by the belief that Oklahoma has not adopted the federal law creating a vehicle exception to the Fourth Amendment warrant requirement. The vehicle exception was articulated by the United States Supreme Court.[7] This Court is not required to "adopt" a binding interpretation of the Fourth Amendment to the United States Constitution promulgated by the United States Supreme Court. The officer made a valid traffic stop. He formed an objectively reasonable and articulable suspicion which allowed him to extend the detention for further investigation. The dog's reaction to the trunk created probable cause to search the vehicle. No warrant was necessary.

## Decision

¶ 5 Reserved Question of Law Answered.

LUMPKIN, P.J., JOHNSON, V.P.J., STRUBHAR, J. and LILE, J., concur.

---

2. The Appellee was offered the opportunity to respond and chose not to file a response. *State v. Paul,* No. S-2002-547, Order for Appellee to Show Cause (Okl.Cr. November 5, 2002) (not for publication).

3. *United States v. Hunnicutt,* 135 F.3d 1345, 1349 (10th Cir.1998); *United States v. Kopp,* 45 F.3d 1450, 1453, *cert. denied,* 514 U.S. 1076, 115 S.Ct. 1721, 131 L.Ed.2d 579.

4. *Hunnicutt,* 135 F.3d at 1350. A dog sniff may be supported by reasonable suspicion based on the factors present above, plus the officer's observation of the passengers' extreme nervousness, which does not create, but may contribute to, reasonable suspicion. *Id.See also United States v. Place,* 462 U.S. 696, 707, 103 S.Ct. 2637, 2644-45, 77 L.Ed.2d 110 (1983) (dog sniff not a search under Fourth Amendment).

5. *Skelly v. State,* 1994 OK CR 55, 880 P.2d 401, 405.

6. *See, e.g., United States v. Ludwig,* 10 F.3d 1523, 1527-28 (10th Cir.1994); *United States v. Morales-Zamora,* 914 F.2d 200, 205 (10th Cir.1990); *see also Florida v. Royer,* 460 U.S. 491, 506, 103 S.Ct. 1319, 1329, 75 L.Ed.2d 229 (1983) (noting in dicta that a positive result from a dog sniff would create probable cause for a search).

7. *See California v. Carney,* 471 U.S. 386, 392, 105 S.Ct. 2066, 2070, 85 L.Ed.2d 406 (1985) ("the pervasive schemes of [vehicular and highway] regulation, which necessarily lead to reduced expectations of privacy, and the exigencies attendant to ready mobility justify searches without prior recourse to the authority of a magistrate so long as the overriding standard of probable cause is met").