2007 OK CR 33

**Rene GOMEZ, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. F–2005–526.

Court of Criminal Appeals of Oklahoma.

Sept. 5, 2007.

Josh T. Welch, Ogle & Welch, P.C., Oklahoma City, OK, Attorney for Defendant.

J. David Ogle, Josh T. Welch, Ogle & Welch, P.C., Oklahoma City, OK, Attorneys for Appellant.

E.A. Gates, Office of District Attorney, Kingfisher, OK, Attorney for State.

W.A. Drew Edmondson, Attorney General of Oklahoma, Theodore M. Peeper, Assistant Attorney General, Oklahoma City, OK, Attorneys for Appellee.

## OPINION

JOHNSON, J.

¶1 Appellant Rene Gomez was tried in a non-jury trial in the District Court of Kingfisher County before the Honorable Susie Pritchett in Case No. CF–2004–19 for Possession of a Controlled Dangerous Substance (Methamphetamine) (63 O.S.2001, § 2–402), Unlawful Possession of Paraphernalia (63 O.S.2001, § 2–405), and Obstructing an Officer (21 O.S.2001, § 540). After the district court denied Gomez's motion to suppress certain evidence, Gomez stipulated that the evidence produced by the State at the prelimi-

nary hearing was sufficient to sustain the State's burden of proof. As a result of that stipulation, the district court found Gomez guilty on all three counts.

¶ 2 The district court sentenced Gomez to five years in prison on the methamphetamine possession count. The district court also ordered that when space became available, Gomez would be sent to the Bill Johnson Correctional Center in Alva, Oklahoma, and directed that when he successfully completed the "RTP" [1] program there, "the balance of the sentence to incarceration shall be suspended, under the supervision of the Department of Corrections for two (2) years" (Judgment and Sentence at 1).[2] The district court sentenced Gomez to one year each in the county jail on the paraphernalia and obstruction counts and further ordered the sentences on all three counts to run concurrently. From this judgment and sentence, Gomez appeals and advances two propositions of error:

(1) The evidence seized as a result of the warrantless search of his car should have been suppressed by the trial court because the search was not supported by probable cause or a showing of exigent circumstances; and

(2) The five year sentence, even with its conditional partial suspension, is excessive.

¶ 3 On May 16, 2004, around 1:00 a.m., Gomez was stopped by Officer Burpo of the Kingfisher County Police for swerving across the center yellow line twice while traveling on Highway 81. As Officer Burpo asked Gomez for his license and registration, he noticed the smell of alcohol and saw two six-pack alcoholic beverage containers inside Gomez's car. The visible containers were unopened, but one container was missing.[3] Officer Burpo directed Gomez to get out of the vehicle because he wanted to search the car for an open container. Officer Burpo escorted Gomez to the front of his patrol car and began to search the immediate driver's area of Gomez's car. Before Officer Burpo began searching, Gomez clearly stated that he did not consent to the search. As Officer Burpo searched the driver's immediate area, he noticed the center console lid was ajar and opened it. Inside the console was an open bottle of alcohol. Underneath the bottle Burpo found a glass pipe, a small amount of methamphetamine, and a digital scale.

## I.  Warrantless Search

¶ 4 This case raises two issues: (1) whether the smell of alcohol and under the circumstances, the absence of an alcoholic beverage container provide sufficient probable cause for a warrantless vehicle search; and (2) whether a warrantless vehicle search must be supported by a showing of exigent circumstances as well as probable cause. Gomez contends that the district court erred by denying his motion to suppress the drug and drug paraphernalia evidence that was seized as a result of the search of his car. According to Gomez, the evidence seized during the search of his car should have been suppressed because Officer Burpo lacked probable cause necessary to conduct a warrantless search, and there were no exigent circumstances requiring an immediate roadside search of his vehicle.

¶ 5 We review a trial court's denial of a suppression motion for an abuse of discretion. *State v. Goins*, 2004 OK CR 5, ¶ 7, 84 P.3d 767, 768. When reviewing a trial court's ruling on a motion to suppress evidence based on a complaint of an illegal search and seizure, we defer to the trial

1. Neither the Judgment and Sentence document, nor the briefs of the parties explain the meaning of the acronym "RTP." We assume the acronym stands for the term "regimented treatment program." We assume further based upon the context in which it is used by the parties, that the term relates to drug or substance abuse treatment rehabilitation.

2. The record on appeal as transmitted by the district court does not contain a copy of the Judgment and Sentence document. We rely,

therefore, on a copy of the Judgment and Sentence attached to Gomez's Petition in Error.

3. The record is not clear on the specific type of alcoholic beverages involved. Throughout the record, the beverage containers are referred to as bottles of beer or more generically as alcoholic beverages. Officer Burpo did, however, specifically identify the container he found in the vehicle's center console as an "[o]pen bottle of Bacardi alcoholic beverage" (Preliminary Hrg. Tr. at 8).

court's findings of fact unless they are not supported by competent evidence and are therefore clearly erroneous. *Seabolt v. State*, 2006 OK CR 50, ¶ 5, 152 P.3d 235, 237. We review the trial court's legal conclusions based on those facts *de novo. Id.*

### A. Probable Cause

¶ 6 The Fourth Amendment to the United States Constitution and Article 2, § 30 of the Oklahoma Constitution both proscribe unreasonable search and seizures.[4] Under both constitutions, an officer is justified in stopping a vehicle if he has probable cause to believe a driver is violating some traffic law. *Dufries v. State*, 2006 OK CR 13, ¶ 9, 133 P.3d 887, 889. Officer Burpo saw Gomez cross over the yellow centerline twice while traveling on Highway 81. This observation constituted sufficient cause to stop Gomez, and as Gomez concedes, his initial detention was therefore justified. Nevertheless, despite conceding the validity of the traffic stop, Gomez contends that the smell of alcohol and a missing container from an otherwise undisturbed six-pack of alcoholic beverages did not constitute sufficient probable cause for a warrantless search of his car.

¶ 7 In *Hallcy v. State*, 2007 OK CR 2, ¶ 10, 153 P.3d 66, 68–69, we held in a slightly different context that the "test for judging the existence of probable cause is whether a reasonably prudent police officer, considering the totality of the circumstances confronting him and drawing from his experience, would be warranted in the belief that an offense has been or is being committed." We explained in *Hallcy* that "probable cause is a flexible, common-sense standard, requiring that the facts available to the officer would warrant a [person] of reasonable caution in the belief that certain items may be contraband or useful as evidence of a crime." *Id.* Logically then, probable cause sufficient to justify a warrantless search of a vehicle exists if an officer reasonably believes the vehicle contains contraband or evidence of a crime. Under this standard, based on the centerline swerving, the smell of alcohol, and the missing bottle, Officer Burpo's belief that Gomez's car contained evidence of a crime (i.e., an open alcohol container) was reasonable. Officer Burpo therefore possessed sufficient probable cause to search Gomez's car for an open container of alcohol.[5] *Cf. Lozoya v. State*, 1996 OK CR 55, ¶¶ 34–36, 932 P.2d 22, 33 (holding that officer who smelled odor of marijuana while approaching van validly stopped for failure to dim headlights had probable cause to search for contraband); *Cole v. State*, 1986 OK CR 150, ¶¶ 9–10, 728 P.2d 492, 494 (holding that officer who smelled burning marijuana while approaching defendant's vehicle stopped for tail light violation had probable cause to search for contraband).[6]

---

**4.** Article 2, § 30 of the Oklahoma Constitution is nearly identical to the Fourth Amendment to the United States Constitution and states:

> The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized.

By comparison, the Fourth Amendment states:
> The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

**5.** Gomez argues that because Officer Burpo stated in the preliminary hearing that he only had

"reasonable suspicion" to search the car (Preliminary Hrg. Tr. 15–16, 26), the warrantless search was invalid because "reasonable suspicion" is a lesser standard than "probable cause." This argument is clearly without merit because as we held in *Satterlee v. State*, 1976 OK CR 88, ¶¶ 18–19, 549 P.2d 104, 108–09, an officer's description of his own level of suspicion does not determine whether there was probable cause.

**6.** While this Court has not addressed this specific fact pattern in any prior published case (i.e., whether the smell of alcohol and a missing beverage container from otherwise undisturbed six-pack, versus the smell of burning marijuana, constitutes probable cause for a vehicle search), at least one other court has addressed a nearly identical set of circumstances and reached a similar result. In *State v. Schuette*, 423 N.W.2d 104 (Minn.App.1988), the Minnesota Court of Appeals determined that an "officer's detection of an alcoholic odor emanating from an automobile constitutes probable cause to search the automobile for open bottles or cans of alcohol" and

¶ 8 Gomez contends, however, that regardless of whether Officer Burpo legitimately searched for and seized an open container of alcohol, the contraband drugs and paraphernalia that were ultimately found in the vehicle's center console underneath the open container were the fruit of an unlawful search. According to Gomez, once Officer Burpo removed the bottle from the center console there was no further justification "to rummage around" in the console searching for contraband (Appellant's Reply Brief at 5). We disagree. Officer Burpo's warrantless search of the interior of Gomez's car for an open container of alcohol was lawful because it was supported by probable cause, and, because the officer reasonably believed there might be an open container in the car, he was entitled to search the entire interior of the car, including the center console of the front seat. *See Wyoming v. Houghton,* 526 U.S. 295, 300–01, 119 S.Ct. 1297, 1300–01, 143 L.Ed.2d 408 (1999)(relying on *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), to hold that if probable cause justifies search of lawfully stopped vehicle, it justifies search of every part of vehicle that may conceal object of search including all containers within vehicle without showing of individual probable cause for each container); [7] *Castleberry v. State,* 1984 OK CR 30, ¶ 14, 678 P.2d 720, 723 ("[i]f an officer has probable cause to believe there is contraband somewhere in the car, but he does not know exactly where, he may search the entire car as well as any containers found therein"). When the officer found the open container and removed it from the console,

he was lawfully positioned to observe the methamphetamine, pipe, and digital scale when they came into plain view with removal of the bottle that had been sitting on top of them. The drug-related items were found in plain view during a valid warrantless search. They were lawfully seized. *Cf. Harris v. United States,* 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968)(finding that once door to vehicle had been lawfully opened, registration card in plain view was legally seized); *State v. Baxter,* 1974 OK CR 198, ¶ 5, 528 P.2d 347, 349 (holding that officer lawfully in any place may, without obtaining warrant, seize from motor vehicle, any item which he observes in plain or open view, if he has probable cause to believe item is contraband, or evidence of crime).

## B. Exigent Circumstances

¶ 9 We now turn to Gomez's claim that the warrantless search that arose from the initial investigatory encounter was unlawful due to a lack of exigent circumstances. Gomez contends that Article 2, § 30 of the Oklahoma Constitution requires exigent circumstances in addition to probable cause. Before discussing Gomez's state constitutional claim, however, we first examine federal constitutional jurisprudence concerning warrantless vehicle searches because it is instructive on the concept of exigent circumstances.

### (1) Federal Constitution

¶ 10 In *Maryland v. Dyson,* 527 U.S. 465, 467, 119 S.Ct. 2013, 2014, 144 L.Ed.2d 442

---

held that an officer is therefore "justified in searching anywhere in the passenger compartment where those bottles or cans might be found." *Id. citing State v. Schinzing,* 342 N.W.2d 105, 109 (Minn.1983). The *Schuette* court then concluded, as we do here, that probable cause "exists when the officer notices the smell of alcohol and observes an open case of beer with cans missing." *Id. citing State v. Pierce,* 347 N.W.2d 829, 833 (Minn.Ct.App.1984).

**7.** While *Houghton* clearly held that probable cause to search a vehicle extends to all containers within the vehicle in which contraband might be concealed, the converse is not necessarily true. In *California v. Acevedo,* 500 U.S. 565, 580, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991), the Court reaffirmed its rule announced in *United States v. Ross,* 456 U.S. 798, 821–22,

102 S.Ct. 2157, 2171–72, 72 L.Ed.2d 572 (1982), that probable cause justifying a search of a vehicle extends to all containers in the vehicle. At the same time, however, the *Acevedo* court clearly negated the converse by holding that the mere fact that police have probable cause to believe a container placed in a vehicle contains contraband or evidence does not justify the search of the entire vehicle. *Acevedo,* 500 U.S. at 580, 111 S.Ct. at 1991. *See e.g., United States v. Corral,* 970 F.2d 719, 726 (10th Cir.1992)(explaining that under *Acevedo,* police may .search entire automobile and containers within it where they have probable cause to believe contraband or evidence is contained, but if police have probable cause to believe contraband is located in specific container located within automobile, they are authorized to search container, although not entire vehicle without warrant).

(1999), the United States Supreme Court expressly rejected any exigency requirement for the vehicle exception to the Fourth Amendment's warrant rule. In *Dyson*, the Supreme Court held that the "automobile exception" to the warrant rule has no separate exigency requirement by explaining that "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment ... permits police to search the vehicle without more." To reach this conclusion, the *Dyson* court relied on the reasoning in *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). *Ross* explained that the Fourth Amendment to the United States Constitution has always recognized a distinction between the need for a warrant to search a fixed structure such as a dwelling house or a store and a "ship, motor boat, wagon or automobile ... where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." *Ross*, 456 U.S. at 806, 102 S.Ct. at 2163, 72 L.Ed.2d at 582. According to *Ross*, given the inherently mobile nature of an automobile in transit, an immediate intrusion may be necessary if police are to secure contraband in the process of being transported. *Id. Ross* held that a warrantless search of an automobile is not unreasonable in the absence of a separate showing of exigent circumstances because the mobility of the automobile creates its own form of exigency. *Id.*

### (2) Oklahoma Constitution

¶ 11 In light of *Dyson* and *Ross*, Gomez concedes there is no federal constitutional requirement for a showing of exigent circumstances in addition to probable cause to support a warrantless vehicle search. Gomez asserts, however, that Article 2, § 30 of the Oklahoma Constitution requires such a showing independent of the federal constitution. To support his position, Gomez relies on *Davis v. State*, 1980 OK CR 114, 620 P.2d 1346, where this Court held:

> [T]here are two occasions on which a [vehicle] search without a warrant may be justi-

fied as reasonable: one is where the search is incident to a lawful arrest; and, the second is when probable cause exists to believe that the defendant is in possession of that which is subject, by law, to seizure. However, the second occasion is limited by the requirement that there be "exigent circumstances."

1980 OK CR 114, ¶ 4, 620 P.2d 1346, 1347. Davis clearly holds a warrantless vehicle search requires a showing of probable cause *and* exigent circumstances.

¶ 12 While the Davis opinion did not specify whether it grounded its exigent circumstances requirement on federal or state constitutional grounds,[8] it did refer to two prior decisions of this Court in which warrantless searches of vehicles were at issue. The first, *Lawson v. State*, 1971 OK CR 184, ¶ 15, 484 P.2d 1337, 1341, held that "there is no lawful predicate for a search of the driver or the vehicle absent special circumstances where the officer has probable cause to search the area in which the arrestee may reach for a weapon or destroy evidence." *Lawson* reached its holding after discussing the unreasonable search provisions of both the Oklahoma and federal constitutions. Five years later, however, in *Whitehead v. State*, 1976 OK CR 35, ¶ 4, 546 P.2d 273, 275, relying entirely on Article 2, § 30 of the Oklahoma Constitution, this Court held that a warrantless vehicle search requires both probable cause and a showing of exigent circumstances. As construed by this Court in *Whitehead*, Article 2, § 30 requires both exigent circumstances and probable cause for a warrantless vehicle search. *Id.*

¶ 13 The question before the Court now is whether to retain our construction of Article 2, § 30, requiring a showing of exigent circumstances in addition to probable cause as justification for a warrantless search of a vehicle.

¶ 14 It is well established that this State may grant protections to its citizens that are more expansive than those conferred by federal law. *Brumfield v. State*, 2007 OK CR 10, ¶ 15, 155 P.3d 826,

---

8. To the extent it based its ruling on the Fourth Amendment to the United States Constitution, Davis clearly has been superseded by *Dyson* and *Ross*.

833. It is also settled that this Court's independent interpretation of Oklahoma constitutional provisions is not circumscribed by United States Supreme Court interpretations of similar federal provisions. *Dennis v. State,* 1999 OK CR 23, ¶ 20, 990 P.2d 277, 285–86. There is no doubt, therefore, that we may continue to construe Article 2, § 30 as requiring exigent circumstances for valid application of the automobile exception to the warrant rule contained in our Article 2, § 30. For the reasons set forth below, however, we decline to do so.

¶ 15 In *Gore v. State,* 24 Okla.Crim.App. 394, 411, 218 P. 545, 547–48 (1923), this Court explained that if construction of federal constitutional provisions made by the United States Supreme Court appears to rest on "sound principles," the decisions of this Court construing equivalent provisions of the Oklahoma Constitution should harmonize with those of the United States Supreme Court construing the federal constitution. The stated basis for the rule was to promote uniformity of judicial decisions. *Id.* This view is buttressed by Article 1, § 1 of the Oklahoma Constitution. Article 1, § 1 declares that "[t]he State of Oklahoma is an inseparable part of the Federal Union, and the Constitution of the United States is the supreme law of the land." With this declaration, the Framers of our Constitution expressed a preference for a harmonious construction of the Oklahoma Constitution with the Constitution of the United States where possible.

■ ¶ 16 Because we believe the United States Supreme Court's decisions in *Ross* and *Dyson* rest on sound principles, we are persuaded they should inform our construction of Article 2, § 30. We therefore hold that a warrantless search of a vehicle is not unreasonable under Article 2, § 30, of the Oklahoma Constitution in the absence of a showing of exigent circumstances when police have probable cause to believe that evidence of a crime is present.[9] To the extent that *Davis, Whitehead,* and *Lawson* hold to the contrary, they are overruled.[10]

¶ 17 Because the warrantless search of Gomez's car was supported by probable

9. We emphasize that the modification to the automobile exception we adopt in this case applies only to those vehicle searches already supported by probable cause. We do not hold that any valid traffic stop may in itself serve as probable cause for a warrantless search of the vehicle. Rather, we merely recognize in this case, as the United States Supreme Court did in *Ross,* that the scope of a warrantless search conducted under the automobile exception to the warrant rule is no broader and no narrower than a judge could authorize by warrant. Any warrantless vehicle search must still be supported by probable cause and that probable cause must otherwise be sufficient in itself to support issuance of a warrant by a judge had time and practicality permitted. *Cf. Ross,* 456 U.S. at 809, 820, 102 S.Ct. at 2164–65, 2170 (explaining that in this type of case, a search must still be supported by probable cause sufficient to justify issuance of a warrant for the items sought even though a warrant had not actually been obtained; and explaining further that the automobile exception to the warrant rule merely relaxes the requirement for a warrant on the grounds of practicality and "neither broaden[s] nor limit[s] the scope of a lawful search based on probable cause").

10. The dissent contends that the district court's denial of Gomez's suppression motion should be affirmed on the basis of what it describes as settled Oklahoma law. To reach this conclusion the dissent relies primarily on the case of *State v.*

*Paul,* 2003 OK CR 1, 62 P.3d 389. As Judge Lumpkin correctly notes in his special concurrence, however, this Court's opinions, including *Paul,* are not only inconsistent in this area, but often fail to explain whether a particular case was decided on Fourth Amendment or Article 2, § 30 grounds. In *Paul,* this Court upheld a warrantless vehicle search, ostensibly on Fourth Amendment grounds, where the police officer conducting the search had nothing but probable cause. Although the *Paul* opinion did not mention the Oklahoma Constitution, its result is clearly contrary to our decisions in *Davis v. State,* 1980 OK CR 114, ¶ 4, 620 P.2d 1346, 1347; *Whitehead v. State,* 1976 OK CR 35, ¶ 4, 546 P.2d 273, 275; and *Lawson v. State,* 1971 OK CR 184, ¶¶ 12–15, 484 P.2d 1337, 1341, all of which are cited by the dissent as holding that the Oklahoma Constitution requires both probable cause and exigent circumstances to justify a warrantless vehicle search. If it is truly settled Oklahoma law that a warrantless vehicle search lacking exigent circumstances is a search that is repugnant to the Oklahoma Constitution, as the dissent contends, the *Paul* case was either wrongly decided or stands alone as an aberrant judicial outlier. In either case, the decision repudiates or ignores the constitutional commands of Davis and its antecedents, the very cases the dissent cites as settled Oklahoma law. This is precisely the type of inconsistency among our cases that we must resolve in order to bring clarity, certainty, and finality to this area of law.

cause and nothing more was required, the search did not violate his state or federal constitutional rights. The district court did not abuse its discretion in denying his motion to suppress evidence.

## II. Sentence

¶ 18 In his second proposition of error, Gomez complains that his sentence is excessive and should be modified. This Court will not modify a sentence within the statutory range unless, considering all the facts and circumstances, it shocks our conscience. *Rea v. State,* 2001 OK CR 28, ¶ 5, 34 P.3d 148, 149. Gomez was sentenced to five years in prison with a portion conditionally suspended contingent on successful completion of a drug abuse rehabilitation program. The sentencing range for possession of a controlled dangerous substance is between two and ten years (63 O.S.2001, § 2–402). Given the fact that the sentence was well within the statutory range and given further that Gomez has an opportunity to attend rehabilitation and thereby have part of his sentence suspended, this sentence does not shock our conscience.

## *DECISION*

¶ 19 The Judgment and Sentence of the trial court is **AFFIRMED.** Under Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22 Ch. 18, App. (2007), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LEWIS, J.: Concurs.

LUMPKIN, P.J.: Specially Concurs.

C. JOHNSON, V.P.J. and CHAPEL, J.: Concurs in Part and Dissents in Part.

LUMPKIN, Presiding Judge: Special Concur.

¶ 1 I concur in Judge Arlene Johnson's well reasoned application of this Court's jurisprudence relating to the warrantless search of an automobile. I write separately to address further the history of this jurisprudence.

¶ 2 The relationship between Article II, § 30 of the Oklahoma Constitution and the Fourth Amendment of the United States Constitution was decided just two years after statehood. In *DeGraff v. State,* 1909 OK CR 82, 2 Okla.Crim. 519, 103 P. 538 this Court said:

> This provision of our Constitution [Article II Section 30] is almost an exact copy of the fourth amendment of the Constitution of the United States, which is as follows: "Article IV(30). The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." It is true that the language is not in all respects the same in the two provisions; but the substance is identical. For a proper understanding of the question before us, it is important to find out what construction the United States courts have placed upon this provision.

103 P. at 541.

¶ 3 This was subsequently reaffirmed in *Keith v. State,* 30 Okla.Crim. 168, 171, 235 P. 631, 632 (1925) ("[s]ection 21 [of the Oklahoma Constitution] corresponds in substance with article 5 [of the federal constitution], and section 30 [of the Oklahoma Constitution] is identical with article 4, respectively, of the amendments to the Constitution of the United States"); *Buxton v. State,* 37 Okla. Crim. 402, 258 P. 814, 815 (1927) ("this court has followed the decisions of the Supreme Court of the United States in construing section 21 and 30 [of the Oklahoma Constitution]"); *Layman v. Webb,* 1960 OK CR 19, ¶ 24, 350 P.2d 323, 335 ("[t]herefore, for an answer to the problem we must determine whether in view of Sections 21 and 30, Art. II, Oklahoma Constitution, commonly known as the Bill of Rights, found as the 5th and 4th Amendments to the United States Constitution . . .").

¶ 4 More recently in *State v. McNeal,* 2000 OK CR 13, ¶ 10, 6 P.3d 1055, this Court stated:

> We have previously held that article II, section 30 of the Oklahoma Constitution

and the Fourth Amendment of the U.S. Constitution contain almost exactly the same wording, and in substance are identical. Years ago this Court recognized the close relation of the Oklahoma Constitution's Article II, § 30 and the Fourth Amendment to the United States Constitution when we stated "[t]his provision of our Constitution [Art. II, Section 30] is almost an exact copy of the fourth amendment of the Constitution of the United States . . . ." *Long v. State*, 1985 OK CR 119, ¶ 6, 706 P.2d 915, 917 (quoting *DeGraff v. State*, 2 Okl. Cr. 519, 103 P. 538 (1909)). 2000 OK CR 13, ¶ 10, 6 P.3d at 1057.

¶ 5 In *Long*, this Court specifically rejected a request to apply a different standard to Article II, § 30 than the United States Supreme Court had applied to the Fourth Amendment of the United States Constitution.[1] 1985 OK CR 119, ¶ 6, 706 P.2d 915, 917. See also my separate writing in *Dennis v. State*, 1999 OK CR 23, 990 P.2d 277, 287 (Lumpkin, V.P.J., concur in part/dissent in part).

¶ 6 As these cases indicate, this Court has historically chosen to interpret Article II, § 30 the same as the Fourth Amendment.[2] The majority correctly recognizes that this Court's independent interpretation of Oklahoma constitutional provisions is not bound by the United States Supreme Court's interpretations of similar federal provisions. However, when the Supreme Court's interpretation of federal constitutional provisions, similar to state constitutional provisions, is based on well-reasoned legal principles, this Court has appropriately chosen to follow that reasoning. That is very apparent in our jurisprudence regarding the warrantless search of an automobile, and we should honor the doctrine of *stare decisis* in applying it here.

¶ 7 The "automobile exception" was first set forth in *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). In determining under what circumstances a warrantless search of an automobile was permitted, the Court held that "the seizing officer shall have reasonable or probable cause for believing that the automobile which he stops and seizes has contraband liquor therein which is being illegally transported". *Id.*, 267 U.S. at 155–56, 45 S.Ct. at 286. This Court thereafter held that a lawful search of an automobile may be made without a warrant where there is probable cause to believe that it contains that which by law is subject to seizure. *See Merwin v. State*, 1954 OK CR 111, ¶ 6, 277 P.2d 208, 210–11; *Thompson v. State*, 1968 OK CR 163, ¶ 14, 444 P.2d 849, 850; *Gaston v. State*, 1969 OK CR 208, ¶¶ 6–7, 457 P.2d 807, 808–09.

¶ 8 In 1970, the Supreme Court decided that the existence of probable cause alone would not satisfy a warrantless search, that only when there are "exigent circumstances" in addition to the existence of probable cause could an officer legitimately search an automobile without a warrant. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). This Court subsequently adopted the probable cause plus exigent circumstances standard for warrantless searches of automobiles. *See Lawson v. State*, 1971 OK CR 184, ¶ 8, 484 P.2d 1337, 1339; *Norton v. State*, 1972 OK CR 261, ¶¶ 7–8, 501 P.2d 877, 879–80; *Gonzales v. State*, 1974 OK CR 133, ¶ 11, 525 P.2d 656, 658; *Hughes v. State*, 1976 OK CR 164, ¶¶ 6–8, 552 P.2d 1154, 1155–56; *Whitehead v. State*, 1976 OK CR 35, ¶ 4, 546 P.2d 273, 275–76; *Blackburn v. State*, 1978 OK CR 24, ¶ 22, 575 P.2d 638, 642; *Phelps v. State*, 1979 OK CR 76, ¶ 10, 598 P.2d 254, 257–58; *Davis v. State*, 1980 OK CR 114, ¶ 4, 620 P.2d 1346, 1347.

¶ 9 However, in 1982, the Supreme Court recognized that a separate exigency requirement was not necessary in the case of an automobile search and determined that probable cause alone was sufficient to support a warrantless search of an automobile. *See United States v. Ross*, 456 U.S. 798, 102 S.Ct.

---

1. Although the issue in *Long* was suppression of the victims' in-court identifications, and not the warrantless search of an automobile, this Court's holding indicates an intent to interpret Article II, § 30 the same as the Fourth Amendment.

2. See also, *State v. Thomason*, 1975 OK CR 148, 538 P.2d 1080, 1086 (art. II, § 21, does not grant broader protections than that embodied within the Fifth Amendment to the federal constitution.)

2157, 72 L.Ed.2d 572 (1982). This has since been reaffirmed in *Pennsylvania v. Labron*, 518 U.S. 938, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996) *(per curiam) and Maryland v. Dyson*, 527 U.S. 465, 467, 119 S.Ct. 2013, 2014, 144 L.Ed.2d 442 (1999). This Court similarly determined that separate exigent circumstances were not necessary and the warrantless search of an automobile was permitted on the basis of probable cause to believe that the instrumentalities or fruits of a crime were contained within. *See Castleberry v. State*, 1984 OK CR 30, ¶ 13, 678 P.2d 720, 724; *Cole v. State*, 1986 OK CR 150, ¶ 9–10, 728 P.2d 492, 494; *Davis v. State*, 1990 OK CR 20, ¶ 23, 792 P.2d 76, 84; *Lozoya v. State*, 1996 OK CR 55, ¶ 35, 932 P.2d 22, 33; *State v. Paul*, 2003 OK CR 1, ¶ 4, 62 P.3d 389, 390.

¶ 10 There are admittedly certain caveats to the above history. It has not always been clear in our opinions whether a particular case was decided strictly on Fourth Amendment grounds or on both Fourth Amendment and section 30 grounds. Further, our case history is somewhat inconsistent. For instance, after the *Chambers* decision, certain cases from this Court relied solely on *Carroll* and did not discuss the exigent circumstances requirement.[3] And after *Ross* was decided we still had an occasion to require a finding of exigent circumstances.[4]

¶ 11 However, with the exception of a few cases, it is clear that it is well established law that this Court interprets Article II, § 30 of the state constitution the same as the Supreme Court interprets the Fourth Amendment of the federal constitution. Therefore, it is entirely appropriate and consistent with our jurisprudence to follow the Supreme Court's rulings in *Dyson* and *Ross* concerning the warrantless search of an automobile.

¶ 12 Further, practically speaking, it would be virtually unworkable to interpret Article II, § 30 any other way and expect the officer on the street to follow two differing federal and state standards in deciding whether he or she can legally search an automobile. Interpreting Article II, § 30 consistent with the Fourth Amendment sufficiently protects the rights of Oklahoma citizens. The Court's decision in this case does not mean that an officer can search any automobile merely because the driver has been pulled over for a traffic violation. The officer must have additional probable cause to believe the automobile contains contraband or the fruits or instrumentalities of a crime.

¶ 13 Therefore, I agree with the majority opinion that the warrantless search of an automobile is legally permissible based solely upon a finding of probable cause to believe that the instrumentalities or fruits of a crime are contained therein, and the existence of exigent circumstances is not a consideration. I further agree that cases inconsistent with this opinion should be overruled.

CHAPEL, J., Concurring in Part and Dissenting in Part:

¶ 1 The majority disregards settled Oklahoma law which could be used to affirm this unremarkable case, preferring instead to rely on an interpretation of federal law which conflicts with settled law based on the Oklahoma Constitution. Essentially, the majority holds that, despite Oklahoma constitutional law to the contrary, probable cause to search for any reason justifies a search of an entire vehicle and any containers within it. I see no reason to substitute this conclusion for our own settled precedent. The only possible reason I can see for the majority's approach is to allow it to overturn Oklahoma precedent which interprets the Oklahoma Constitution differently than federal law interprets the federal Constitution.

¶ 2 This Court held in *State v. Paul* that, when interpreting the United States Constitution, the Fourth Amendment vehicle exception applies.[1] In *Paul*, we held that a dog sniff alert created probable cause for an offi-

---

**3.** *See Embree v. State*, 1971 OK CR 298, ¶ 11, 488 P.2d 588, 592–93; *Davis v. State*, 1973 OK CR 416, ¶ 15, 514 P.2d 1195, 1198; *Ferguson v. State*, 1974 OK CR 50, ¶ 5, 520 P.2d 819, 820; *Hutchinson v. State*, 1977 OK CR 125, ¶ 15, 562 P.2d 867, 871; *Gilreath v. State*, 1981 OK CR 44, ¶ 6, 627 P.2d 443, 444.

**4.** *See Lucas v. State*, 1985 OK CR 100, ¶¶ 9–10, 704 P.2d 1141, 1143.

**1.** *State v. Paul*, 2003 OK CR 1, 62 P.3d 389, 390.

cer to search a vehicle without a warrant.[2] *Paul* was based on the federal Constitution and did not discuss interpretation of the Oklahoma constitutional provision against warrantless search and seizure.[3] I agree with the majority that, if probable cause to search is present, federal law does not require exigent circumstances for a warrantless search. This Court has held that, under our state constitution, an officer must have both probable cause and exigent circumstances to conduct a warrantless search after a vehicle stop.[4] Our *Davis* and *Whitehead* cases sharply distinguish the permissible scope of a search which conforms to probable cause to believe a specific offense has occurred, from the excessive scope of an entire search of a vehicle and its containers based only on a narrow probable cause. The Court makes clear that probable cause to search a vehicle must be based on more than mere suspicion of a crime, and that absent exigent circumstances, the warrantless search must be limited to the extent of the probable cause. In each of these Oklahoma cases, the deciding issue appears to have been the absence of any probable cause whatsoever for a vehicle search based on the facts of the stops, rather than the absence of exigent circumstances.

¶ 3 The majority admits that this Court can, and has, interpreted various provisions of the Oklahoma Constitution differently than federal courts have interpreted their federal constitutional counterparts.[5] The majority recognizes that this is one such instance. The majority offers no particular

criticism of this Court's analyses or holdings in *Davis* and *Whitehead*. However, the majority concludes that we should abandon our separate state constitutional protection, since the federal interpretation of federal law rests "on sound principles". In fact, the federal interpretation of the Fourth Amendment on this issue is most unsound. However, irrespective of one's view as to the Fourth Amendment, I fail to see why we should abandon the protections afforded to our citizens by our state constitution.

¶ 4 Applying all the applicable law, I would affirm this case. Officer Burpo saw Gomez commit a traffic violation and pulled him over. When he approached the car, Burpo smelled alcohol and saw two unopened six-packs of some alcoholic beverage, with one missing. Burpo looked in the car for the missing container. He found an open Bacardi cooler in the center console. When he picked up the bottle, he could see a pipe, methamphetamine, and a scale. As the majority notes, a stop is justified where an officer has probable cause to believe a traffic law has been violated.[6] Officer Burpo had probable cause to stop Gomez. After smelling the alcohol and seeing the bottles, Burpo also had probable cause to search the car for an open container.[7] I can agree with the majority that Burpo lawfully looked around the car for an open container.

¶ 5 At this point I part ways with the majority analysis. The majority suggests that Burpo's probable cause to search for an open container gave him the right to search

2. *Id.*

3. In footnote 10, the majority suggests that my dissent relies upon *Paul*. On the contrary, I cite *Paul* to acknowledge our existing law as it interprets the federal Constitution, and for no other reason. *Paul* was decided on purely federal Fourth Amendment grounds, not under the Oklahoma Constitution. I also note again that this discussion of *Paul's* status obscures the real issue in this case. The majority could rely on the settled law I discuss, combining probable cause with the plain view exception, to decide this case. However, the majority chooses to focus on the differences in interpretation between the Oklahoma Constitution and federal constitutional law, refer to these differences as inconsistencies within state law, abandon our state cases, and adopt the federal interpretation for the Oklahoma constitutional provision.

4. *Davis v. State*, 1980 OK CR 114, 620 P.2d 1346, 1347; *Whitehead v. State*, 1976 OK CR 35, 546 P.2d 273, 275; *Lawson v. State*, 1971 OK CR 184, 484 P.2d 1337, 1341.

5. *See, e.g., Dennis v. State*, 1999 OK CR 23, 990 P.2d 277, 285–86. *See also Brumfield v. State*, 2007 OK CR 10, 155 P.3d 826, 833 (state statute may give broader protection than federal Constitution).

6. *Dufries v. State*, 2006 OK CR 13, 133 P.3d 887, 889.

7. *Paul*, 62 P.3d at 390; *Hallcy v. State*, 2007 OK CR 2, 153 P.3d 66, 68–69.

any portion of the entire car, including any contained areas within the car. Under the Oklahoma Constitution, I believe that Burpo had probable cause to search for an open container or evidence of alcohol-related offenses. To justify any further search of the vehicle and containers within it, either Burpo would need probable cause to believe that a different offense was committed, or some exigent circumstance must have been present. Burpo had no probable cause to suspect any offense other than a violation of the open container law, and the record does not reflect any exigent circumstances. However, I believe the remainder of the search, which found the drugs and paraphernalia, is justified by the "plain view" exception. No warrant is required where an officer sees contraband or evidence of a crime in plain view.[8] Burpo saw the contraband in plain view when he picked up the open Bacardi container. I would uphold the search, and Gomez's subsequent conviction, on these grounds.

¶ 6 This conviction could be upheld under existing law. However, in affirming the case the majority needlessly overrules Oklahoma precedent interpreting the Oklahoma Constitution, in order to substitute a less demanding federal standard. This Court has determined that, in this area, Oklahoma citizens are afforded more protection than federal Fourth Amendment law requires. I cannot agree to any decision which would lessen that protection. I dissent to the portion of the majority opinion that does so.

¶ 7 I am authorized to state that Judge Charles Johnson joins in this opinion.

---

**8.** *Wackerly v. State,* 2000 OK CR 15, 12 P.3d 1, 9; *Nix v. Williams,* 467 U.S. 431, 444, 104 S.Ct. 2501, 2509, 81 L.Ed.2d 377 (1984).